## J. A. PACE v. J. W. WEBB.

### No. 6744.

1. **Appeal from Justice Courts.**—Article 1639b, Revised Statutes (Sayles' edition), recognizes but two modes by which an appeal from a judgment rendered in a Justice Court may be perfected. One is by giving the bond prescribed by article 1639, and the other by making affidavit and proof of inability to pay costs. Art. 1639a.

2. **Appeal Bond in Justice Courts.**—Article 1639 requires a person desiring to appeal from a judgment in a Justice Court to give bond in a sum equal to double the amount of the judgment from which he desires to appeal, "conditioned that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him." In this case appeal was sought from a judgment for $195.14 and costs. The appellant filed his bond with security in sum of $60, "conditioned that appellant shall prosecute his appeal with effect, and shall pay all the costs which have accrued in the court below or which may accrue in the District Court." *Held*, that the appeal was properly dismissed, the bond being insufficient in amount and not conditioned as required by law.

3. **Same—Statute Construed.**—The Legislature evidently intended to prescribe the modes of perfecting appeals from Justice Courts in the articles 1639, 1639a, 1639b, Revised Statutes, and hence article 1644, Revised Statutes, will not apply to such appeals the modes of procedure in the District and County Courts relating to appeals.

APPEAL from Concho. Tried below before Hon. J. C. Randolph. The opinion gives a statement.

*Joseph Hall*, for appellant.—It was error for the court to dismiss this appeal for alleged defects in the conditions of the appeal bond filed in the Justice Court. Said bond secured the costs of appeal, fully protected the rights of the opposite party, complied substantially with the law, and was sufficient to perfect said appeal and to give the District Court jurisdiction of this cause. Gen. Laws 1883, p. 113, arts. 1639a, 1639b; Rev. Stats., arts. 1644, 1437, 1400–1402; Eppstein & Co. v. Holmes & Crain, 64 Texas, 564, 565.

Appeals from judgments in Justice Courts were formerly governed by article 1639, Revised Statutes. But under the law as amended by the Acts of 1883, pages 91, 113, the appellant has four ways to perfect his appeal: (1) By filing a bond such as is prescribed by general laws of 1883, page 91; (2) by paying the costs of appeal; (3) by giving security for the costs of appeal; (4) by making affidavit and strict proof of his inability to pay the costs or any part thereof. Acts 1883, p. 113.

If the appellant is unable to give bond in double the amount of the judgment appealed from (Acts 1883, p. 91) or to make affidavit and strict proof of his inability to pay the costs of appeal or any part thereof (Acts 1883, p. 113), but should comply with the other requirements mentioned in said act, certainly his appeal should be held to be perfected.

Article 1639a, Act of 1883, reads: "Where the appellant is unable to pay the costs of appeal or to give security therefor, he shall nevertheless be entitled to prosecute his appeal," etc. Then it would seem that if the appellant is able to pay the costs of appeal or to give security therefor, he would be entitled to prosecute his appeal as a matter of right. It is only when he can not pay or give security that he is required to take the pauper's oath.

The law as amended by the Act of 1883 does not say how the costs of appeal shall be secured or otherwise prescribe the mode of proceeding; hence by reference to article 1644, Revised Statutes, it is believed that the same would be governed by the provisions of article 1400, Revised Statutes, relating to the mode of proceeding in the District and County Courts.

Therefore it is respectfully submitted that if a bond for costs conditioned as the bond filed in the Justice Court in this cause would be sufficient to secure the costs of appeal from the District Court to this court, certainly such a bond would also secure the costs of appeal from the Justice Court to the District Court. The only difference in the conditions of the bond filed in the Justice Court and the one filed in the District Court in this case is the word "district" is used in the former and the word "appellate" in the latter.

It is belived that it is the intention of the law as amended by the Act

of 1883 to give to a party appealing from a judgment in the Justice Court the same rights he would have if appealing from a judgment in the District or County Court. Acts 1883, p. 113, in connection with arts. 1644, 1400–1402, Rev. Stats. Therefore it is contended that the bond filed in the Justice Court in this case was a substantial compliance with the law, fully protecting the rights of the opposite party, and was sufficient to perfect said appeal and to give the District Court jurisdiction of this case. Eppstein v. Holmes, 64 Texas, 564.

No brief for appellee.

STAYTON, CHIEF JUSTICE.—Appellee recovered a judgment in Justice Court against appellant for $195.14, with some interest and all costs.

In order to perfect an appeal appellant executed a bond with sureties, "conditioned that the said J. A. Pace, appellant, shall prosecute his appeal with effect, and shall pay all costs which have accrued in the court below or which may accrue in the District Court."

In the District Court appellee moved to dismiss the appeal because the appeal bond was not in double the amount of the judgment appealed from, and because the bond was not conditioned to pay and satisfy the judgment which might be rendered against Pace.

No other objection was made to the bond, but on motion the court below held the bond insufficient and dismissed the appeal.

From that judgment this appeal is prosecuted.

The Constitution gives the right of appeal from judgments of Justice Courts only "under such regulations as may be prescribed by law." Const., art. 5, sec. 10.

Article 1639, Revised Statutes, requires a person desiring to appeal from such a judgment to give bond in a sum equal to double the amount of the judgment from which he desires to appeal, "conditioned that the appellant shall prosecute his appeal to effect and shall pay off and satisfy the judgment which may be rendered against him."

Prior to the Act of April 14, 1883, the law referred to was the only one regulating appeals from such judgments.

On date last named another law was passed, which was amended by an act passed on April 2, 1887, and under this last law, which was in force when appellant sought to perfect an appeal, it was provided that "where the appellant is unable to pay the costs of appeal or to give security therefor, he shall nevertheless be entitled to prosecute his appeal; but in order to do so he shall be required to make strict proof of his inability to pay the costs or any part thereof."

The manner of making this proof is prescribed by the act, and the amendment is numbered article 1639a, Revised Statutes.

By the Act of April 14, 1883, still another article was added to the Re-

vised Statutes, numbered 1639b, by which it was provided that "when the bond or the affidavit in lieu thereof provided for in the two preceding articles has been filed and the previous requirements of this chapter have been complied with, the appeal shall be held to be perfected."

It is clear that the bond given is not a compliance with article 1639, Revised Statutes, which is the only law which authorizes the perfecting of an appeal by bond.

It is equally clear that the bond given is not a compliance with article 1639a, for that contemplates that an appeal may be perfected without bond, by proof made in the manner therein prescribed of the inability of the party to pay the costs.

Appellant evidently was unable to make the affidavit required by that article, for he was able to make and did make a bond with sufficient sureties to secure all costs.

It is difficult to see any good reason why a person should not be permitted to perfect an appeal as appellant sought to in this case, when he could perfect an appeal by proof of his inability to pay or secure the costs; but this whole matter is under legislative control, and from the language of the statutes it is clear that no regulation has been made which permits a person against whom a judgment has been rendered in a Justice Court thus to perfect an appeal.

Article 1639b recognizes but two means by which an appeal from such judgments may be perfected. One is by giving the bond prescribed by article 1639, and the other by making the affidavit prescribed by article 1639a.

The Legislature may have concluded that if a person was able to give a bond to secure costs he was able to give a bond in double the amount of the judgment to be appealed from, and for this reason only allowed an appeal when a bond to secure the payment of the judgment was not given when inability to pay or secure the payment of costs was shown in the manner prescribed by article 1639a.

Whether this is true, or the failure to provide for an appeal on bond such as appellant gave was an unintentional omission on the part of the Legislature, is a matter of no importance in the decision of this case; for in any event no regulation has been prescribed by law under which it can be held that the giving of the bond in question perfected an appeal, and the judgment of the court below must be affirmed, unless the law applicable to appeals from District and County Courts can be applied to appeals from Justice Courts under article 1644, Revised Statutes.

That article provides that "whenever the mode of proceeding in any particular case or matter is not prescribed by the provisions of this title or of some other law or title specially relating thereto, the same shall be governed by the provisions of the title relating to the mode of procedure

in the District and County Courts in civil cases in so far as the same are applicable."

We are of opinion that this statute is not applicable to this matter, if for no other reason, because it is evident that the Legislature intended to prescribe fully the regulations under which appeals from judgments of Justice Courts might be perfected.

If no regulation in this respect had been prescribed a different conclusion might be reached.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered January 23, 1891.