Mrs. Jennie Tadlock v. T. M. Walden.

(No. 7134.)

Appeal from Wilbarger County.    Opinion by David-son, J.

Parker & Pearson, counsel for appellant. ·

No counsel appeared for appellee.

§ 309. *Appeal from justice to county court; motion to dismiss is a pleading and must be in writing.*    Appellee brought this suit June 12, 1890, in the justice's court of precinct No. 1, Wilbarger county, against Mrs. Jennie Tadlock, and her husband, A. C. Tadlock, to recover an alleged indebtedness of $178.60 for goods sold to appellant while she was *feme sole.* Upon the first trial in the justice's court there was a judgment for defendants.    A new trial was granted. The plaintiff made Zack Douglas and E. S. Durrett parties defendant.    Plaintiff dismissed the cause as to E. S. Durrett and prosecuted his claim against Mrs. Jennie Tadlock and Zack Douglas, with · A. C. Tadlock joined *pro forma.*    The case was finally tried in the justice's court on the 2d day of October, 1890, which resulted in a judgment in favor of T. M. Walden against Mrs. Jennie Tadlock and Zack Douglas for the sum of $188.15, principal and interest.    From this judgment Mrs. Jennie Tadlock prosecuted an appeal to the county court, and on October 9, 1890, at the same term of the court at which the judgment was rendered, filed her affidavit *in forma pauperis* with the justice in lieu of an appeal bond. Plaintiff, being notified to appear and contest the affidavit in the justice's court, failed to do so, whereupon the justice made the following indorsement on said affidavit:    "Mrs. Jennie Tadlock, one of the defendants in the within style and numbered cause, is permitted to prosecute her appeal to the county court of Wilbarger county,

Texas, there being no contest to her affidavit herein, and this day filed in lieu of an appeal bond, by the plaintiff, after due notice being given to his attorney of record. Given under my hand this the 9th day of October, 1890. JOSEPH HALL, J. P." When the case was called in the county court on December 13, 1890, plaintiff, by oral motion, asked the court to dismiss the appeal. Defendant then filed a motion in writing, requesting the court to require plaintiff to reduce his motion to dismiss the appeal to writing, and objected to the court entertaining said verbal motion. The court overruled defendants' motion and objections and sustained the verbal motion of plaintiff, and dismissed the appeal. From this action and judgment of the county court this appeal is now prosecuted. It is urged on this appeal that "the court erred in overruling the motion of defendant to require the plaintiff to reduce to writing his motion to dismiss the appeal, and state therein his grounds for dismissal of the appeal, because the motion to dismiss the appeal, being wholly in the county court and independent of the proceedings pertaining to the trial of the cause *de novo*, was a pleading in the county court, subject to the rules of practice therein, and defendant had a right to see and know the grounds he would urge for a dismissal before and at the time they were urged, and such grounds could not be and were not put upon the motion docket as required by law, nor can they be made a part of this record." Pleadings in the county court are required to be in writing. A motion made in that court to dismiss an appeal pending therein from a justice's court is a pleading in such case, and should be in writing. On such appeal the cause will be tried *de novo*. In order to defeat this right some sufficient legal cause must be shown. If this right is denied an appeal can then be taken to this court, where the grounds of such denial will be reviewed. Unless the grounds of the motion be reduced to writing and incorporated in the record it is difficult to perceive

how this court, on appeal, could intelligently pass on the rulings of the lower court or ascertain why the appeal was dismissed in that court, or be able to say whether or not error was committed. We are not informed by the record before us of the grounds of the motion, and the court below refused to require the motion to be reduced to writing. The motion may have been sufficient and satisfactory to the county court, but of these matters we are left in ignorance. The statute points out the remedy in such cases, and the court should have required that remedy to be followed. For the errors indicated the judgment is reversed and the cause remanded.

May 4, 1892.                  Reversed and remanded.