HEDRICK v. McLAUGHLIN.　(No. 1540.)

(Court of Civil Appeals of Texas. Amarillo. June 4, 1919. Rehearing Denied Oct. 8, 1919.)

1. ACCORD AND SATISFACTION ⬥11(3)—EVIDENCE INSUFFICIENT TO ESTABLISH.

Where a broker, who had rendered services under a contract for the sale of land and personalty, received a check with the statement that the amount was all he ought to earn, which he accepted by giving notice that he accepted it only as commission due on the sale of land, and not for commission for the sale of personal property, there was no accord and satisfaction of his claim for compensation for the sale of personalty.

2. JUSTICES OF THE PEACE ⬥176(1), 178—GENERAL CHARGE ON APPEAL TO COUNTY COURT PERMISSIBLE, BUT READING OF DECISION DISCRETIONARY.

Under Rev. St. arts. 2361, 2400, providing that procedure in justice court shall be the same as in the county court, except that the justice shall not deliver any charge, it is permissible for the county court to deliver a general charge in a case appealed from justice court, but where such charge is waived by both parties, the county court, after refusing their requested peremptory charges, may in its discretion refuse to permit defendant's counsel to read a decision to the jury.

Appeal from Hartley County Court; J. H. Phillips, Judge.

Action by J. W. McLaughlin against F. M. Hedrick, begun in justice court and appealed to county court. From a judgment for plaintiff, defendant appeals. Affirmed.

M. Cammack, of Amarillo, for appellant.
Clifford Braly and W. I. Gamewell, both of Dalhart, for appellee.

HUFF, C. J. This case originated in the justice court, and from a judgment therein was appealed to the county court, and from the judgment there rendered this appeal is prosecuted. The appellee, McLaughlin, sued for a commission in the sum of $98.50, for the sale of certain cattle and other personal property. The appellant, Hedrick, in effect, pleaded accord and satisfaction, and also reconvened for damages in the sum of $150 for wrongfully suing out a writ of garnishment. The case was tried before a jury, and upon their verdict judgment was rendered for appellee for the amount sued for.

[1] The first and second assignments assert error in refusing to instruct a verdict

for appellant. Without discussing the evidence, we think there was no error in refusing the charges. If the appellee's testimony is true, there was no bona fide dispute as to the amount due him, and the check given him was not accepted in full settlement of the amount due, and when it was delivered by appellant he then notified appellant he only accepted it as the commission due on sale of certain land, and not for the commission due under the contract for the sale of the personal property, and that he would hold appellant for that amount. The evidence clearly raises the issue as to whether there was in fact a bona fide dispute of appellee's claim. The amount due was for services rendered under a contract, and was therefore a liquidated demand. It does not appear to have been paid or received as full satisfaction of the contract, but was paid by appellant on the ground, as asserted by him, that that was all appellee ought to earn in one day's work. Bergman v. Brown, 156 S. W. 1102; Id., 172 S. W. 554; Bay Lumber Co. v. Snelling, 205 S. W. 763; Johnson v. Hoover, 165 S. W. 900.

[2] The third assignment complains at the action of the court in sustaining an objection of appellee's attorney to appellant's argument, and in refusing to permit appellant to read a certain case to the jury. It is asserted by propositions that in cases appealed from the justice court the case is tried de novo, and the county court gives only such charges as are requested, and if no charge is given the jury are the judges of the law and the facts, and the attorneys have a right to inform the jury as to the law, and to read the law to the jury, and also, when parties waive the giving of a charge, the jury are the judges as well of the facts as of the law, and the attorneys have the right to inform the jury as to the law. In this case the appellant only asked for an instructed verdict, which was refused, and the appellee also requested an instructed verdict as to appellant's cross-action, which was refused. Neither party asked for any other charge. The bill of exceptions taken shows that both parties agreed to waive a general charge by the court before the argument, and that the charges requested by the parties, which the record shows were each peremptory, were refused, and that the trial court announced to the jury that there would be no general charge. After the appellee's argument, counsel for appellant, in reply, offered to read Cristler v. Williams, 62 Tex. Civ. App. 169, 130 S. W. 608, whereupon appellee objected to the reading of the decision; appellant insisting upon reading the law to the jury as no charge had been given. The court sustained the objection of appellee, stating to the attorney he would not be permitted to read the law to the jury; that the jury was to pass upon the facts, and the trial judge further stated, if the parties desired, he would still give a charge to the jury.

We do not believe, as contended, because an appealed case from the justice to the county court is a trial de novo, that the county judge cannot give a general charge. Article 2361, R. C. S., directs that the mode of the procedure in a trial before a jury in justice court shall be the same as prescribed for district and county courts, "except that the justice shall not deliver any charge to the jury." This article does not prohibit the county judge delivering the charge to the jury when the case is tried in the county court, and we know of no statute which does. It was held by the old Court of Appeals, in Railway Co. v. Clark, 2 Willson Civ. Cas. Ct. App. § 512, that the inhibition in the above article applies alone to cases on trial in the justice court. It is limited in its terms to the justice court, and cannot be extended to embrace cases in the county court. "After a cause reaches the county court from the justice's court, it is to be tried de novo on the merits, just as though it had originated in the latter court, and the practice governing in such case is the same." Railway Co. v. Red Cross, 91 Tex. 628, 45 S. W. 375; Tadlock v. Walden, 19 S. W. 330. The practice for the district and county courts now provides that the judge shall in writing give in charge to the jury the law of the case, unless it is expressly waived by the parties. Schwartzlose v. Mehlitz, 81 S. W. 68; Railway Co. v. Votaw, 81 S. W. at page 132.

Article 2400, R. C. S., provides, with reference to trials, etc., in justice courts, the procedure shall be governed by the procedure in district and county courts in so far as applicable. The Supreme Court, in discussing the validity of an appeal bond on appeal from the justice to the county court, and the statutes relative thereto, after quoting the above article, said:

"We are of the opinion that this statute is not applicable to this matter, if for no other reason, because it is evident that the Legislature intended to prescribe fully the regulations under which appeals from judgments of justices' courts might be perfected. If no regulation in this respect had been prescribed, a different conclusion might be reached." Pace v. Webb, 79 Tex. 314, 15 S. W. 269.

It is therefore apparent from the several statutes it was the intention of the Legislature that in the justice court the jury should be the judges of the law as well as of the facts, while in the county and district courts the jury should receive the law from the judge. It is the duty of the judge to see that the jury is properly informed as to the law governing the case. The appellant was contending as a matter of law the facts entitled him to a verdict, and requested two charges to that effect, which the trial court refused. That is his contention here, and evidently was his contention before the jury. When the trial court refused his requested charges, he was informed that in the opinion

of the court there was an issue of fact. It was then his privilege and duty to ask for a charge upon the controverted issues, properly applying the law to the facts. It is manifest by the bill appellant sought to have the jury overrule the trial judge's action in refusing an instructed verdict, as he declined the offer of the judge to give a general charge. It is not to be presumed the jury were not properly informed as to the law under the court's direction. The case sought to be read doubtless announced correct principles of law as applied to that case, but it does not necessarily follow that appellant was prejudiced by being denied the privilege of reading the case to the jury. In this state, as a rule, it is in the discretion of the trial court whether parties shall be permitted to read cases to the jury. We find nothing showing an abuse of that discretion stated in the bill or by the record.

The judgment will be affirmed.