RANDALL v. HARRIS. (No. 1607.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 30, 1920.)

1. VENUE ⊂══3—STATUTE AS TO CLAIMS FOR LABOR APPLICABLE TO JUSTICES' COURTS NOT APPLICABLE TO OTHER COURTS.

Rev. St. 1911, art. 2308, subd. 4, as amended by Act March 29, 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 2308, subd. 4), providing that in all suits to recover for labor actually performed suit may be brought and maintained where such labor is performed, applies only to suits brought in the justices' courts.

2. VENUE ⊂══3—STATUTE APPLICABLE TO DISTRICT AND COUNTY COURTS STATED.

Rev. St. 1911, tit. 37, c. 4, furnishes the rule of venue for district and county courts.

3. VENUE ⊂══3—APPLICABILITY OF STATUTES WHERE ACTION COGNIZABLE IN JUSTICE COURT IS BROUGHT IN ANOTHER STATED.

When a cause of action which would be cognizable in the justice court is combined with other causes of action, and suit thereon is brought in the district or county court, the case is to be tried according to the practice in the court in which suit is brought, so that the venue of such suit is to be determined by the provisions of the statute providing for suits in the district and county courts.

Appeal from Terry County Court; R. P. Moreland, Judge.

Suit by A. L. Harris against Edward Randall. A plea of privilege was overruled, and from a judgment for plaintiff, defendant appeals. Reversed, with instructions.

Percy Spencer, of Lubbock, and Terry, Cavin & Mills, of Galveston, for appellant.

G. E. Lockhart, of Tahoka, for appellee.

BOYCE, J. This suit was brought by the appellee, Harris, in the county court of Yoakum county, to recover of appellant the sum of $529.75. It was alleged that $50 of this amount was due for services rendered the appellant by appellee in surveying certain lands belonging to the appellant, and situated in Yoakum county; that the remainder of said sum was due as commission earned by the appellee in the sale of said land and expenditures made by him for the appellant in connection with the sale. A plea of privilege to be sued in the county of his residence, Galveston county, was filed by defendant and overruled, and the trial resulted in a judgment for the plaintiff.

The appeal is prosecuted on an agreed statement of the pleading and proof, the result of this agreement being summed up by the parties as follows:

"(a) That the court below held, in view of the statute permitting suits to be brought in courts of justices of the peace for 'labor actually performed' in the precinct where said labor was performed, and in view of the fact that the county court of Yoakum county, Tex., has, under the law, concurrent jurisdiction with all justice courts in said county in civil matters, and in view of the fact that a part of plaintiff's cause of action, to wit, $50, was for surveying actually done in Yoakum county, Tex., for the plaintiff by the defendant, that the county court of Yoakum county had jurisdiction over the person of the defendant, and that the defendant's plea of privilege should be overruled, and it is agreed by and between the parties hereto that, if the court below was correct in such holding, then this cause ought to be affirmed.

"(b) That if the lower court was in error in so holding that this cause ought to be reversed and remanded to the county court of Yoakum county, Tex., with instructions to sustain the plaintiff's plea of privilege and transfer said cause to the county court of Galveston county, Tex."

Appellee thus concedes that his right to maintain the venue in Yoakum county can only be supported by the amendment of subdivision 4, art. 2308, R. S., by the act of March 29, 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 2308, subd. 4). The amendment referred to provides that—

"In all suits to recover for labor actually performed, suit may be brought and maintained, where such labor is performed."

This amendment expressly amends article 2308 in the respect mentioned. Article 2308 is a part of chapter 5, tit. 41, of the Revised Statutes. Title 41 is entitled, "Courts—Justices." Chapter 5 is devoted to "Venue" of such courts. Article 2308 begins thus:

"Every suit in the court of a justice of the peace shall be commenced in the county and precinct in which the defendant, or one or more of the several defendants, resides, except in the following cases," etc.

[1] It is therefore plain that this venue provision of the act of 1917 applies only to suits brought in the justices' courts, and we have recently so held in the case of Fears v. Fish, 218 S. W. 507, not yet officially reported. The appellee relies on such cases as First National Bank v. Valenta, 33 Tex. Civ. App. 108, 75 S. W. 1087, and I. & G. N. Ry. Co. v. Anderson, 150 S. W. 239, in connection with the said provisions of the act of 1917, to maintain his position. These cases hold that—

"When there are distinct causes of action of such a nature that they may be joined in the same suit, venue as to one of them will confer venue as to the other."

[2] We do not take issue with this proposition of law as applied to those cases; but the fallacy in appellee's position, as we see it, is in the assumption that the venue of a cause of action brought in the district or county

courts can be determined by rules applicable only to practice in the justices' courts. We have no general venue statute. We have already referred to the provisions of the statute dealing with venue in the justice's court. Chapter 4, entitled, "Venue of Suits," under title 37, entitled, "Courts—District and County—Practice in," furnishes the rule of venue for the district and county courts. Article 1830 of this chapter begins thus:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases," etc.

[3] Now, when a cause of action which would be cognizable in the justice court is combined with other causes of action, and suit thereon is brought in the district or county court, the case is to be tried according to the practice in the court in which the suit is brought. As we have already seen, "Venue" is made one of the subdivisional chapters of the general title of "Practice" in such courts. So we conclude that the venue of this suit is to be determined by the provisions of the statute providing for venue of suits in the district and county courts. The following cases involve decisions on somewhat analogous questions: Cockrill v. Cox, 65 Tex. 675; Hedrick v. McLaughlin, 214 S. W. 985, par. 2, and authorities cited.

We therefore reverse the judgment, with instructions to the lower court to sustain the plea of privilege and transfer the cause to the county court of Galveston county, Tex.