**PARSONS et al. v. FERN–GLEN OIL CO.**
(No. 1987.)

(Court of Civil Appeals of Texas. Amarillo. May 31, 1922.)

**1. Compromise and settlement ⊗⇒2—Amount due must be disputed, and compromise for less supported by consideration.**

Where the defense to an action for breach of contract for lease of oil lands is that plaintiffs' demand has been compromised and settled before suit, it must be shown that there was a dispute as to the amount due, and that the compromise for less was supported by a consideration.

**2. Compromise and settlement ⊗⇒23(3)—Evidence held insufficient to sustain finding that claim was compromised.**

In an action for breach of contract for oil lease, evidence of defendant's manager that partial payment made thereon was not made on condition that defendant be released from payment of balance of purchase price, held insufficient to support finding that the claim had been compromised.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by J. Z. Parsons and another against the Fern-Glen Oil Company. From a judgment for defendant, plaintiffs appeal. Reversed and rendered.

Hunter & Scott and C. C. McDonald, all of Wichita Falls, for appellants.

Owsley & Owsley, of Denton, and Davenport, Wilson & Thornton, of Wichita Falls, for appellee.

HALL, J. On the 1st day of April, 1919, appellants, J. Z. Parsons and T. F. Hunter, the owners of an oil lease upon certain lots in the town of Burkburnett, entered into a contract with the Fern-Glen Oil Company, for the sale of said lease. The contract is in writing and binds Parsons and Hunter to assign the lease upon producers' form No. 88, retaining one-eighth royalty to the said Parsons. It binds the company to begin operations within four months from the date of the contract, and in default to pay $300 per month for each extension of 30 days during a period of 12 months. As consideration for the assignment, the company agreed to pay the total sum of $10,000, payable as follows: $3,000 on or before April 7, 1919, $3,000 on or before April 14, 1919, and $4,000 on or before April 21, 1919.

The first payment of $3,000 was made, and, upon default, Hunter and Parsons filed suit to recover the $7,000 unpaid. They alleged the execution of the contract; that the defendant company acted through its duly authorized trustee, Frank J. Darr, in making it. They set out its terms and allege compliance upon their part, tendering into court a producers' form No. 88, lease of the premises described in the pleading. They further allege that defendant failed to begin drilling within 30 days after the time when they were bound to begin, and claimed $3,600 by reason of such delay. The prayer is for judgment for the sum of $10,600, with interest from May 1, 1919. The defendant company answered by general demurrer and numerous special exceptions. It is further alleged that the plaintiffs' demand—

"was compromised and settled between the plaintiffs and defendant long before the institution of this suit, and all of the demands of the plaintiffs against this defendant were fully settled and satisfied, and this it is ready to verify."

It pleads the statute of frauds; that upon payment of $3,000—

"said contract was, by the mutual consent of the parties thereby, vacated, annulled, and set aside, and the plaintiffs retained the title to said oil and gas lease and never at any time tendered the same to this defendant or demanded of the defendant payment of said sum of $7,000 sued for, and the said plaintiffs have ever kept and retained said sum of $3,000 so paid to them by the defendant, and the claim of plaintiffs for said additional sum $7,000 was long since released."

With great particularity the defendant further alleged the organization of the

Fern-Glen Oil Company as a stock company, with F. J. Darr as secretary, treasurer, and general manager, and charges that Darr and T. F. Hunter entered into a fraudulent combination and conspiracy to obtain money from the defendant and appropriate it to their own use. By supplemental petition the plaintiffs deny the facts alleged. The case was submitted to the jury upon two special issues, which, with the answers, are as follows:

"No. 1. Did plaintiff Hunter and Frank J. Darr conspire together to defraud the defendant company in the making of the contract which is sued upon in this case? Answer: No.
"No. 2. Was the $3,000, paid by defendant to plaintiff Hunter, received by Hunter in full settlement of his claim against the defendant company? Answer: Yes."

Upon this verdict the court entered judgment that plaintiffs take nothing and that the writs of garnishment sued out by the plaintiffs be vacated, set aside, and that the garnishees be released and discharged.

[1] The verdict settles the issue of fraud in favor of the appellants. The execution of the contract and default on the part of the appellee company are not controverted. The only issues here are those presented by the paragraphs quoted above from the defendant's answer, and which were intended to set up a compromise and settlement and mutual rescission of the contract. The substance of appellant's principal propositions is: (1) That appellee's pleadings do not show that, at the time of the alleged compromise, there was any dispute or contention as to the amount due; or (2) that there was any consideration to support the compromise; and (3) that the finding of the jury upon this issue is not supported by the evidence. We agree with the appellant in each of these contentions. That there must be a dispute as to the amount due and that the settlement or compromise for less than the amount of the claim must be supported by a consideration is settled law. Simmons Hardware Co. v. Adams (Tex. Civ. App.) 147 S. W. 1196; Hedrick v. McLaughlin, (Tex. Civ. App.) 214 S. W. 985; Bergman Produce Co. v. Brown (Tex. Civ. App.) 172 S. W. 554; Id. (Tex. Civ. App.) 156 S. W. 1102, and authorities cited.

[2] The remaining propositions are based upon the court's action in admitting certain evidence over the objections of the appellant. These propositions are all sustained. Some of the testimony would have been admissible if fraud existed. There is no evidence to sustain the jury's finding that the claim had been compromised. Darr, who was the appellee's managing officer, and who made and signed the contract for the appellee, testified as follows:

"No; I did not pay Hunter and Parsons the $10,000 called for in this contract; I paid them $3,000. That $3,000 was paid to them after I returned from St. Louis, which was in April, 1919. No; Mr. Hunter had no condition that would let me out of the contract in consideration of this payment. There was no condition like that. This $3,000 that I paid to Hunter, I paid it as part payment on what was owed. At the time of the payment of the $3,000 there was no agreement to release me from the balance."

Hunter and Parsons testified to the same effect.

The judgment is reversed, and here rendered that the appellant recover of appellees the sum of $7,000, with interest.

Reversed and rendered.