## LEWIS v. SKELTON.
### No. 4267.

Court of Civil Appeals of Texas. Amarillo.
Sept. 24, 1934.

Alfred M. Scott, of Lubbock, for appellant.
Loyd R. Kennedy, of Morton, for appellee.

MARTIN, Justice.

It will be necessary to pass only on appellant's assignment that the court erred in overruling his plea of privilege to be sued in Lubbock county, the county of his residence.

Appellee brought suit originally against appellant in the county court of Cochran county, alleging a balance of $175 due him for farm labor shown to have been performed in justice precinct No. 3, Cochran·county. It further appears that there was a duly elected, qualified, and acting justice of the peace of precinct No. 3 at the time of, and subsequent to the filing of, appellee's suit. Apparently appellee sought to sustain venue upon a hearing of appellant's plea of privilege, by virtue of the terms of article 2390, subd. 4, which, in part, provides:

"In all suits to recover for labor actually performed, suit may be brought and maintained where such labor is performed, whether the contract for same be oral or in writing."

And to the further provisions of article 1970—205, giving original concurrent jurisdiction with justice courts to the county court of Cochran county.

 Article 2390, subd. 4, supra, "applies only to suits of which the justice court has jurisdiction, and not to suits over which the county or district courts may have jurisdiction." Williams v. Magouirk (Tex. Civ. App.) 235, S. W. 640, 641. See, also, Randall v. Harris (Tex. Civ. App.) 218 S. W. 509, 510.

■ Article 2390, subd. 4, is a special venue statute applying only to justice courts. Article 1970—205 is a jurisdiction statute. The terms of the latter will not be extended by implication to include a privilege conferred by article 2390, subd. 4, so as to deprive a litigant of the right to be sued in the county of his residence, which has many times been held to be "a valuable right." Obviously, jurisdiction and venue are not synonymous terms. The former may exist without the latter. A somewhat analogous case in its reasoning is that of Randall v. Harris, supra. From it we quote:

"Now, when a cause of action which would be cognizable in the justice court is combined with other causes of action, and suit thereon is brought in the district or county court, the case is to be tried according to the practice in the court in which the suit is brought. As we have already seen, 'Venue' is made one of the subdivisional chapters of the general title of 'Practice' in such courts. So we conclude that the venue of this suit is to be determined by the provisions of the statute providing for venue of suits in the district and county courts. The following cases involve decisions on somewhat analogous questions: Cockrill v. Cox, 65 Tex. 675; Hedrick v. McLaughlin [Tex. Civ. App.] 214 S. W. 985, par. 2, and authorities cited." See, also, Sparks v. West, 41 S.W.(2d) 301.

■ The terms of the general statute pertaining to practice in district and county courts will govern this suit. Under this statute no right exists to maintain venue in a case of this character which is originally filed in county court. Since it clearly appears that no amendment of appellee's pleading will enable him to maintain this suit in county court as against appellant's plea of privilege, we are compelled to reverse and remand with instructions to the county court to transfer this case to Lubbock county, and it is accordingly so ordered.

Reversed and remanded with instructions.