## WOLTERS v. KOLLATT et al.

### No. 8724.

Court of Civil Appeals of Texas. Austin.

Nov. 2, 1938.

Marcus Schwartz, of Hallettsville, and Hollis Massey, of Schulenberg, for appellant R. A. Wolters.

C. C. Jopling, of LaGrange, for appellant F. J. Lidiak.

H. R. Clark, of Schulenberg, for appellees Mrs. Cecelia Breymann and Paul Breymann, Jr.

BAUGH, Justice.

This case arose as follows: On June 20, 1930, A. W. Kollatt, G. A. Tiemann, and Paul Breymann executed and delivered to R. A. Wolters their joint and several promissory note for $600, due September 20, 1930. On June 21, 1930, they paid thereon $200; and on January 15, 1932, the sum of $32, which payments were duly credited thereon. In January, 1933, Wolters placed said note in the hands of his attorney for collection who so notified all the makers. On February 3, 1933, an additional $1.55 was paid and credited on said note, reducing the amount due on that date to the sum of $495. At that time Paul Breymann, Jr., representing his father, came to appellant's attorney and sought to secure the discharge of his father on said note upon payment by him of a part thereof, finally offering to pay $247.50, or one-half of the amount then due. This offer was submitted by the attorney to Wolters, with the information that it was to be paid on condition that Breymann be released. Thereupon, according to the attorney's testimony, Wolters said, "Well, I guess I'll take one-half of it." The attorney then conferred with Paul Breymann, Jr., who gave him his father's check for $247.50, credited this amount on the note, drew lines through the name of Paul Breymann on the note and prepared a release of Paul Breymann from further liability on said note for Wolters to sign.

The release was then taken by said attorney to Wolters, while Paul Breymann, Jr., waited in said attorney's office; but Wolters refused to sign such release, repudiated the attorney's act as unauthorized in attempting to strike Breymann's name from the note, and refused to accept the payment of $247.50 except as a credit on said note, and refused to release Breymann from liability. The attorney then returned to his office, so informed Paul Breymann, Jr., who refused to deliver the check under these conditions. The attorney thereupon cancelled the $247.50 credit he had indorsed on the note, and thereafter filed suit against all makers for the balance due thereon. Before trial, all the makers of said note died and their heirs or legal representatives were made parties.

The Breymann heirs pleaded in substance the foregoing facts and circumstances as constituting a compromise agreement whereby Breymann was released from all liability on said note, tendered into court the $247.50, and asked for discharge. The trial was to the court without a jury, who rendered judgment that the $247.50 be paid to Wolters, and the Breymanns be discharged with their costs; against the administrator of the Tiemann estate for $391.61, the balance due after deducting the $247.50; and that Wolters take nothing against Mrs. Antonio Kollatt. From that judgment Wolters prosecutes this appeal. No objection is raised as to the judgment in favor of Mrs. Kollatt.

It is not controverted that Wolters' demand was for a liquidated sum, its legality not questioned, and that each of the makers of said note was jointly and severally liable for the full amount thereof. Even if such agreement had been made, it would not have been binding on Wolters. "An agreement by a creditor to accept from his debtor by way of compromise less than is due is nudum pactum and void for want of consideration," and even though paid does not discharge the original debt. 11 Am.Jur. § 20, p. 267. It has been held that there must be a dispute as to the amount due and that a settlement for a less sum must be supported by a consideration deemed adequate in law. Parsons v. Fern-Glen Oil Co., Tex.Civ.App., 241 S.W. 1079, and cases therein cited; 9 Tex.Jur. §§ 4 and 6, p. 239. In the instant case there was no such dispute nor any denial of liability. Breymann had no negotiations with Wolters himself. His testimony shows that whatever agreement he had, if any, was with Wolters' attorney; and that the purpose of his negotiations with him was to get his father discharged for a less amount than he was legally bound to pay. It is not controverted that the attorney had no authority to make such agreement with Breymann nor to strike his name from the note. His only authority was to collect the note. Manifestly, Breymann, Jr., knew this as he waited in the attorney's office until his final proposition which he said the attorney had agreed to, was submitted to Wolters, and was by him rejected. Even

if it be conceded that the attorney made such an agreement, it was clearly shown that he had no such authority, and it would not be binding on Wolters. Commercial Credit Co. v. Crone, Tex.Civ.App., 270 S. W. 209; 2 Tex.Jur. § 67, p. 462; 5 Tex.Jur. § 51, p. 459. It is manifest, therefore, that Breymann was not relieved of his full legal liability on the note.

The case appears to have been fully developed, and under the undisputed evidence appellant was entitled to a judgment jointly and severally against appellees herein. The judgment of the trial court will, therefore, be reversed and judgment here rendered for appellant as prayed for.

Reversed and rendered.