**INFONOVA SOLUTIONS, INC., Appellant,**

v.

**Jonathon F. GRIGGS and Frank W. Hansen, Individually, and d/b/a Enterprise Innovations, Inc., Appellees.**

No. 04–02–00255–CV.

Court of Appeals of Texas, San Antonio.

May 29, 2002.

Edward L. Pina, Edward L. Pina & Associates, San Antonio, for Appellant.

Lori M. Cliffe, Jeffrey C. Prince, Haynes and Boone, L.L.P., San Antonio, for Appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, and SANDEE BRYAN MARION, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

Jonathon F. Griggs and Frank W. Hansen, individually and d/b/a Enterprise Innovations, Inc., move to dismiss this appeal for lack of jurisdiction. In their motion, Griggs and Hansen argue that an order denying a request for attorney's fees constitutes a final judgment, despite the ab-

sence of a prior or contemporaneous signed, written order disposing of the merits of the plaintiff's sole cause of action. We hold that an order denying a request for attorney's fees—standing alone—is "intrinsically interlocutory" and deny the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Infonova sued Griggs and Hansen on a sworn account. Infonova sought the unpaid balance on the account, pre- and post-judgment interest, attorney's fees, and costs. The case was set for a trial on the merits on July 19, 2001. However, on July 6, Griggs and Hansen tendered the remaining $947.23 due on the account plus prejudgment interest. Therefore, at the beginning of the ensuing bench trial, Infonova's attorney announced to the court that the only unresolved issues were attorney's fees and taxable costs. After an evidentiary hearing, the trial court orally denied the request for attorney's fees. Thereafter, on July 30, 2001, the court signed an order memorializing its ruling. This order states as follows:

### *ORDER DENYING ATTORNEY'S FEES*

On the 19th day of July, 2001, came on to be heard Plaintiff's Request for Attorney's Fees against Defendants, ENTERPRISE INNOVATIONS INC., JONATHAN F. GRIGGS and FRANK W. HANSEN.

The parties appeared by and through their respective counsel and the Court, having considered the evidence presented and the arguments of counsel, is of the opinion and finds that said Plaintiff's Request for Attorney's fees should be, and is, in all things, hereby DENIED. Plaintiff shall not be entitled to an award of attorney's fees as against Defendants herein.

It is further ORDERED that Mr. Harry L. Garwood may enforce his contingent fee contract against his client Edwin McKenzie.

On August 15, 2001, Infonova's attorney filed a request for findings of fact and conclusions of law; on September 6, 2001, he filed a notice of past due findings of fact and conclusions of law. On January 16, 2002, the trial court signed a judgment incorporating its previous ruling on the request for attorney's fees and stating "[a]ll other relief sought by plaintiff against defendants has been satisfied and is therefore DENIED as moot."

### DISCUSSION

Griggs and Hansen contend Infonova's notice of appeal was due but not filed on or before October 29, 2001, because the July 30, 2001 order disposed of the only remaining claim in the case—Infonova's claim for attorney's fees—and thus constitutes a final, appealable judgment. We disagree.

Subject to exceptions not applicable here, the supreme court has "steadfastly adhered through the years to the rule . . . that an appeal may be prosecuted only from a final judgment." *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). "[T]o be final a judgment must dispose of all issues and parties in a case." *Id.* To resolve the "recurring and nagging problem" of determining when a judgment is final, the *Aldridge* Court enunciated the following test "for determining, in most instances, whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes":

When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial having been

entered ..., it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.

*Id.* at 895, 897–98.[1] This "presumption ... has proved fairly workable for nearly a century." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001).

■ The July 30, 2001 order was entered in a case set for a conventional trial on the merits; and no order for a separate trial was entered. Thus, the order is presumed to have disposed of the sworn account claim unless the order is "intrinsically interlocutory." In the many cases applying the *Aldridge* presumption, we have not found a single case explicating the meaning of "intrinsically interlocutory" or resolving the situation presented by Griggs' and Hansen's motion to dismiss: whether "in a case regularly set for a conventional trial on the merits, no order for a separate trial having been entered" an order denying a request for attorney's fees is presumed final or is instead "intrinsically interlocutory" in the absence of a prior or contemporaneous order disposing of the merits of a cause of action. We therefore resort to the dictionary.

■ "Intrinsic" means "belonging to the inmost constitution or essential nature of a thing: essential or inherent and not merely apparent, relative, or accidental." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (Merriam–Webster, Inc.1993). "An interim or interlocutory order is by definition an order made pending the cause, before a final disposition on the merits." *City of Corpus Christi v. Public Util. Comm'n,* 572 S.W.2d 290, 297 (Tex. 1978). Thus, an "intrinsically interlocutory" order is one that does not inherently resolve the merits of a case.

■ A claim for attorney's fees necessarily implies the existence of a separate cause of action requiring disposition by the court. *See Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590, 593 (Tex.1996) (stating that "[i]n Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties"). But an order denying a request for attorney's fees does not inherently resolve the merits of the claim upon which an award of attorney's fees depends. Accordingly, an order denying a request for attorney's fees—standing alone—is "intrinsically interlocutory."

### CONCLUSION

Because the trial court's July 30, 2001 order denying Infonova's request for attorney's fees is "intrinsically interlocutory," the *Aldridge* presumption does not apply. Accordingly, the trial court's January 16, 2002 judgment is the final judgment in the case; and Infonova's notice of appeal was timely filed. We therefore deny appellees' motion to dismiss and retain this appeal on the court's docket.

---

1. The rule is "subject to the exception created by Davis v. McCray Refrigerator Sales Corporation" that "[i]t will not be presumed that a judgment dismissing a plaintiff's suit on nonsuit, plea to the jurisdiction, plea in abatement, for want of prosecution, etc., also disposed of the issues in an independent cross-action." *Id.* at 897–98. " '[E]tc.' includes default judgments and summary judgments." *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 199 (Tex.2001).