**RCJ LIQUIDATING COMPANY and Trish, Inc., Petitioner,**

v.

**The VILLAGE, LTD., Respondent.**

No. C–2844.

Supreme Court of Texas.

May 23, 1984.

Rehearing Denied June 27, 1984.

Barlow, Gardner, Tucker & Garsek, Michael T. Watson, Fort Worth, for petitioners.

Brown, Herman, Scott, Dean & Miles, R. David Broiles, Fort Worth, for respondent.

PER CURIAM.

This is a forcible detainer case. The Village, Ltd. ("Village"), the landlord, sued its tenant, RCJ Liquidating Company ("RCJ"), and assignee Trish, Inc. ("Trish") in forcible detainer. The justice court rendered judgment for Village and awarded restitution of the leased premises, attorney fees of $3,500, and costs. Five days after that judgment was signed, RCJ and Trish moved for new trial. That motion was overruled the next day. Five days later, RCJ and Trish filed their appeal bond. The county court at law dismissed the appeal for want of jurisdiction on the ground that RCJ and Trish had not timely perfected their appeal. *See* Rule 749.[1] RCJ and Trish appealed to the court of appeals. The court of appeals dismissed the appeal for want of jurisdiction holding that the county court at law judgment was non-reviewable. *See* Tex.Rev.Civ.Stat.Ann. art. 3992 (current version at Property Code § 24.007, ch. 576, § 1, 1983 Tex.Gen.Laws 3475, 3517). The court of appeals did not consider the correctness of the county court at law's holding that the appeal from the justice court was not timely perfected.

Article 3992, which, until January 1, 1984, governed appeals of forcible detainer suits from county court provided: "The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceed-

---

1. All references to rules are to the Texas Rules of Civil Procedure.

ing one hundred dollars." *Id.* Texas Rule of Civil Procedure 752 defines damages in a forcible detainer suit to include reasonable attorney fees in the justice and county courts.[2] The justice court judgment awarded attorney fees to respondent of $3,500 and was, therefore, a damage judgment for more than $100 within the meaning of article 3992.

The court of appeals erred in concluding it had no jurisdiction of the appeal of RCJ and Trish from the county court at law. However, the judgment of the county court at law is correct because Rule 749 requires that the appeal bond be filed within five days from the date the judgment of the justice court is signed. No provision is made for delay in the event a motion for new trial is filed.

The judgment of the court of appeals that it did not have jurisdiction is contrary to article 3992 and to Rule 752. Therefore, pursuant to Rule 483, the application for writ of error is granted, and without hearing oral argument, the judgment of the court of appeals is reversed and the judgment of the county court at law is affirmed.

---

**2.** Rule 752 provides in part: "Damages may include but are not limited to loss of rentals during the pendency of the appeal and reasonable attorney fees in the justice and county courts."