**Robert WETSEL,
Individually, Appellant,**

v.

**FORT WORTH BRAKE, CLUTCH &
EQUIPMENT, INC., Appellee.**

No. 2–89–082–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 6, 1989.

Cocanower & Robbins and S.C. Cocanower, Fort Worth, for appellant.

Hammond & Dulick and Harry L. Dulick, Cleburne, for appellee.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

The issue in this case is whether the trial court erred in dismissing an appeal in a forcible entry and detainer case after an appeal bond was not timely filed. We hold an appeal bond must be timely filed in accordance with TEX.R.CIV.P. 749 and affirm the County Court at Law's judgment dismissing the appeal.

Robert Wetzel ("appellant") was President of The Mallon Wetsel Company. This company purchased property from Fort Worth Brake, Clutch, & Equipment, Inc. ("appellee") and defaulted. Appellee purchased the property at a public auction and gave The Mallon Wetsel Company written notice to vacate the premises. After the company failed to do so, this forcible entry and detainer suit and claim for past due rentals and attorney's fees was brought against The Mallon Wetsel Company and Robert Wetsel, individually. On August 25, 1988, the Justice of the Peace Court, Precinct No. 8 for Tarrant County, Texas, rendered judgment against appellant and entered an order for a writ of possession of the property and damages of $1500 for past due rentals and $750 in attorney's fees.

On August 30, 1988, appellant filed a motion for new trial which was denied by the justice court. He subsequently filed an appeal bond and notice of partial appeal on September 9, 1988. The appeal bond, however, was not approved by the court. A docket entry of the justice of the peace indicates that as of September 9, appellant failed to pay the necessary fees. Thus, the appeal was not perfected, and the county court refused to accept the appeal bond. A notation dated September 15 reflects the appeal was subsequently perfected. Appellee filed a motion to dismiss appeal for failure to comply with the provisions of TEX.R.CIV.P. 749, requiring the filing of

the appeal bond and approval by a justice of the peace within five days of judgment. This motion was granted by the County Court at Law No. 2. From that order of dismissal, appellant brings this appeal.

■■■ In his first point of error, appellant argues that the county court erred in finding there was no evidence the appeal bond was ever approved by the justice of the peace. An action in forcible entry and detainer is a special proceeding and is, therefore, governed by specific statutes and rules. *Rushing v. Smith,* 630 S.W.2d 498, 499 (Tex.App.—Amarillo 1982, no writ). A cause of action for past due rentals may be properly joined to a forcible entry and detainer suit. If so, both causes of action are governed by the same specific statutes and rules that cover forcible entry and detainer action. TEX.R.CIV.P. 738. TEX.R.CIV.P. 749 sets forth in pertinent part the procedure for appeal in forcible entry and detainer suits:

In appeals in forcible entry and detainer cases, no motion for new trial shall be filed.

Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, *a bond to be approved by said justice,* and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.

*Id.* (emphasis added).

The record before us clearly indicates the appeal bond submitted by appellant was not approved by the justice of the peace in accordance with Rule 749. Accordingly, we overrule appellant's first point of error.

■■■ In point of error two, appellant argues the county court at law erred in dismissing the appeal for want of jurisdiction due to a defective appeal bond when such issue was never raised by appellee. Appellant argues if such appeal bond was defective, he should be able to correct the defect. The appeal bond filed by appellant

was neither filed with the justice within five days after judgment nor approved by the justice of the peace, in accordance with Rule 749. TEX.R.CIV.P. 749. If an appeal bond is not filed within five days from the date of judgment as required by Rule 749, the county court at law is without jurisdiction to review the justice court's action. *RCJ Liquidating Company v. Village, Ltd.,* 670 S.W.2d 643, 644 (Tex.1984). Accordingly, we overrule appellant's point of error two.

 In point of error three, appellant argues the county court at law erred in concluding that his attempt to file a motion for new trial in the court below was a nullity. Appellant argues the action for damages against the corporate officer and the action for forcible entry and detainer and rent against the corporate occupant are separate and distinct causes of action upon which separate appeals may be taken in accordance with their respective appellate timetables and rules. He argues his motion for new trial in the rent action against appellant was authorized under TEX.R.CIV.P. 569. Furthermore, he argues that a damage award against a corporate officer is not authorized in a forcible entry and detainer suit.

As indicated previously, forcible entry and detainer suits are special proceedings, and as such, are governed by specific rules. Rule 738 allows a suit for rent to be joined with an action of forcible entry and detainer whenever the suit for rent is within the justice court's jurisdiction. TEX.R.CIV.P. 738. Moreover, a justice of the peace can award a successful plaintiff judgment for restitution of the premises, costs, and damages. TEX.R.CIV.P. 738.

The action against appellant was one for possession and past due rentals as allowed under the rule. Of course, the only way appellant could be liable individually for past due rentals was through allegations, proof, and findings that would justify the piercing of the corporate veil. Those allegations, however, would not suffice so as to remove the case from coverage by the forcible entry and detainer rules.

Therefore, the motion for new trial was a nullity under Rule 749, which does not allow a motion for new trial in a forcible entry and detainer case. As a result, appellant's appeal bond was not timely filed. We overrule appellant's point of error three.

In his points of error four and five, appellant urges the county court erred in concluding Rule 749 governed the timely filing of his appeal bond and in concluding it was without jurisdiction to consider his appeal. In forcible entry and detainer suits, Rule 749 applies. *Stegall v. Cameron,* 601 S.W.2d 771 (Tex.Civ.App.—Dallas 1980, writ dism'd). Appellant failed to perfect a timely appeal under this rule. A county court of law does not have jurisdiction over an appeal for which a timely appeal from a justice court's judgment was not perfected. *Cavazos v. Hancock,* 686 S.W.2d 284, 287 (Tex.App.—Amarillo 1985, no writ). Therefore, appellant's points of error four and five are overruled.

The judgment of the county court at law is affirmed.