richter v. normandy apts

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-369-CV

BRENDA RICHTER APPELLANT

V.

NORMANDY APARTMENTS APPELLEE

------------

FROM THE 30
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an appeal from a forcible detainer action.  Brenda Richter (“Appellant”) filed an appeal bond six days after the justice court signed a judgment in favor of Normandy Apartments (“Appellee”).  The district court dismissed the appeal for want of jurisdiction because the appeal bond was not timely filed, and Appellant filed an appeal with this court.  We affirm the district court’s decision. 

II.  Factual Summary

Appellee brought a suit for forcible detainer and for unpaid rent against Appellant on June 26, 2001 in the justice court.  Appellant filed an answer alleging landlord retaliation under sections 92.331(a) and (b) of the Texas Property Code along with various other causes of action which were not properly before the court.
(footnote: 2)  The justice court rendered judgment for Appellee on September 17, 2001 and requested that Appellee’s counsel prepare a written judgment. Appellee’s counsel provided a proposed judgment to the court and copied the letter and proposed judgment to opposing counsel.  The cover letter accompanying the proposed judgment provided Appellant a few days to review and object to the judgment before it was to be signed by the judge.  On September 20, 2001, the justice of the peace signed the proposed judgment.  Appellant argues that she did not receive notice of the judgment until September 26, 2001, at which time Appellant immediately delivered an appeal bond to the justice court.

Appellee filed a motion to dismiss for want of jurisdiction in the district court, alleging that the appeal had not been perfected because the appeal bond was not timely filed.  The court dismissed the case for want of jurisdiction.  Appellant then filed a motion for reconsideration and an alternative motion to abate the appeal and return the case to the justice court.  This motion was overruled by operation of law. 

III.  Legal Analysis

Appellant argues in her first issue that the justice court’s judgment was not a final judgment.  Alternatively, in issues two and three Appellant contends that Texas Rule of Civil Procedure 306a requires justice courts to give notice of final judgments in forcible detainer cases, and in issues four through nine Appellant argues that due to the justice court’s failure to give notice, Appellant’s federal and state constitutional rights guaranteeing access to the courts, due process, and equal protection were violated. 

A.  Final Judgment

In her first issue Appellant contends that the justice court’s judgment was not final.  Specifically, Appellant argues that her section 92.335 landlord retaliation defense and counterclaim were properly before the justice court, and because the judgment did not refer to Appellant’s counterclaim, it did not dispose of all the claims.

As a general rule, excluding a few statutory exceptions, an appeal may be taken only after a final judgment has been signed.
(footnote: 3)  “A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record.”
(footnote: 4)  The trial court is presumed to have disposed of all parties and claims in the record when (1) the judge signs a judgment in a case that is scheduled for a conventional trial on the merits, (2) the judgment is not intrinsically interlocutory, and (3) the judge has not ordered a separate trial of issues pursuant to rule 174 of the Texas Rules of Civil Procedure.
(footnote: 5)  

The justice court’s September 20, 2001 judgment was signed after a conventional trial on the merits.
(footnote: 6)  The judgment states that “all questions of fact and law were submitted to the [c]ourt.”  Furthermore, the judgment gave possession of the subject property and awarded money damages to Appellee.  There being nothing left for the justice court to rule on or dispose of, the judgment was final as to all issues and parties before it.
(footnote: 7)  We overrule Appellant’s first issue.

B.  Appeal of a Forcible Detainer Suit

In her remaining issues Appellant argues that because she did not receive notice of the signed judgment until after the time to file the appeal bond expired, Appellant should not be prevented from perfecting her appeal.  Immediately upon learning of the signed judgment, Appellant filed an appeal bond with the justice court.
(footnote: 8)  Accordingly, Appellant contends that rule 306a should apply in this case to extend the time to file the appeal bond, and because the court did not allow for an extension, Appellant’s state and federal constitutional rights were violated.

A final judgment on a forcible detainer case may be appealed by filing a bond with the justice court within five days after the judgment is signed.
(footnote: 9)  The appeal is not perfected unless the bond is timely filed.
(footnote: 10)  Rule 306a provides that if a party does not receive notice of a judgment, then the time to perfect an appeal is tolled until the party receives notice under the rule.
(footnote: 11)  Furthermore, the rule requires the clerk of the court to provide the parties immediate notice of a signed judgment by first-class mail.
(footnote: 12)
 Appellant argues that by virtue of rule 523, rule 306a also applies to justice courts, which means Appellant should have been entitled to an extension of time since she did not receive notice until after the expiration of the five-day timetable.
(footnote: 13)  Rule 523 states, “All rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided by law or these rules.”
(footnote: 14)   The circumstances under which a party may seek to appeal a case from a justice court are limited to those provided for by law.
(footnote: 15)  Rule 749c, which governs appeals from justice court judgments in forcible detainer actions, does not have a provision similar to rule 306a(3) requiring the justice court clerk to provide notice of the final judgment, nor does it provide for an extension of time if a party does not receive notice of the final judgment.
(footnote: 16)  Rule 749c specifically provides that an appeal is not perfected unless the bond is timely filed.
(footnote: 17)  None of the rules applicable to forcible detainer actions provide for the lack of notice of the justice court’s judgment.  Because rules 738-755 specifically apply to appeals in forcible detainer actions, rule 523 does not apply in this case.
(footnote: 18)  

Forcible detainer cases are intended to be summary, speedy, and inexpensive.
(footnote: 19)  Furthermore, forcible detainer cases are special proceedings that are governed by specific statutes and rules.
(footnote: 20)  We hold that Appellant was not entitled to notice of the final judgment; therefore, we overrule Appellant’s second and third issues.  Because we hold Appellant was not entitled to notice, we overrule her fourth through ninth issues, which argue that her federal and state constitutional rights were violated for failure to provide notice.

IV.  Conclusion

Having overruled Appellant’s issues, we affirm the district court’s judgment dismissing the case for want of jurisdiction.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

[DELIVERED: JANUARY 9, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Tex. Prop. Code Ann. 
§ 92.331 (Vernon Supp. 2003).

3:
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014 (Vernon Supp. 2003); 
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001);
.

4:
Lehmann
, 39 S.W.3d at 195.

5:
N. E. Indep. Sch. Dist. v. Aldridge
, 400 S.W.2d 893, 897-98 (Tex. 1966); 
see also Lehmann
, 39 S.W.3d at 200; 
see also Infonova Solutions, Inc. v. Griggs
, 82 S.W.3d 613, 615-16 (Tex. App.—San Antonio 2002, no pet. h.).

6:
Aldridge
, 400 S.W.2d at 897-98.

7:
Lehmann
, 39 S.W.3d at 195.

8:
Tex. R. Civ. P.
 749.

9:
Id.
; 
see RCJ Liquidating Co. v. Village, Ltd.
, 670 S.W.2d 643, 644 (Tex. 1984).

10:
Tex. R. Civ. P.
 749c; 
see also RCJ Liquidating Co.
, 670 S.W.2d at 644.

11:
Tex. R. Civ. P.
 306a(4).

12:
Tex. R. Civ. P.
 306a(3).

13:
See 
Tex. R. Civ. P.
 523.

14:
Id.

15:
Tex. Const.
 art. V § 16; 
see also Pace v. Webb
, 15 S.W. 269, 270 (Tex. 1891).

16:
See 
Tex. R. Civ. P.
 749c.

17:
Id.

18:
Tex. R. Civ. P.
 523, 738-755.

19:
McGlothlin v. Kliebert
, 672 S.W.2d 231, 232 (Tex. 1984).

20:
Haginas v. Malbis Mem’l Found
., 354 S.W.2d 368, 371 (Tex. 1962); 
Wetsel v. Fort Worth Brake, Clutch & Equip., Inc.
, 780 S.W.2d 952, 954 (Tex. App.—Fort Worth 1989, no writ).