COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-01-369-CV
 
BRENDA RICHTER   
                                                                                
APPELLANT
V.
NORMANDY APARTMENTS   
                                                                    
APPELLEE
 
------------
FROM THE 30
TH DISTRICT COURT OF WICHITA
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
I. Introduction
This is an appeal from a forcible detainer
action. Brenda Richter ("Appellant") filed an appeal bond six days
after the justice court signed a judgment in favor of Normandy Apartments
("Appellee"). The district court dismissed the appeal for want of
jurisdiction because the appeal bond was not timely filed, and Appellant filed
an appeal with this court. We affirm the district court's decision.
II. Factual Summary
Appellee brought a suit for forcible
detainer and for unpaid rent against Appellant on June 26, 2001 in the justice
court. Appellant filed an answer alleging landlord retaliation under sections
92.331(a) and (b) of the Texas Property Code along with various other causes of
action which were not properly before the court. (2)
The justice court rendered judgment for Appellee on September 17, 2001 and
requested that Appellee's counsel prepare a written judgment. Appellee's counsel
provided a proposed judgment to the court and copied the letter and proposed
judgment to opposing counsel. The cover letter accompanying the proposed
judgment provided Appellant a few days to review and object to the judgment
before it was to be signed by the judge. On September 20, 2001, the justice of
the peace signed the proposed judgment. Appellant argues that she did not
receive notice of the judgment until September 26, 2001, at which time Appellant
immediately delivered an appeal bond to the justice court.
Appellee filed a motion to dismiss for
want of jurisdiction in the district court, alleging that the appeal had not
been perfected because the appeal bond was not timely filed. The court dismissed
the case for want of jurisdiction. Appellant then filed a motion for
reconsideration and an alternative motion to abate the appeal and return the
case to the justice court. This motion was overruled by operation of law.
III. Legal Analysis
Appellant argues in her first issue that
the justice court's judgment was not a final judgment. Alternatively, in issues
two and three Appellant contends that Texas Rule of Civil Procedure 306a
requires justice courts to give notice of final judgments in forcible detainer
cases, and in issues four through nine Appellant argues that due to the justice
court's failure to give notice, Appellant's federal and state constitutional
rights guaranteeing access to the courts, due process, and equal protection were
violated.
A. Final Judgment
In her first issue Appellant contends that
the justice court's judgment was not final. Specifically, Appellant argues that
her section 92.335 landlord retaliation defense and counterclaim were properly
before the justice court, and because the judgment did not refer to Appellant's
counterclaim, it did not dispose of all the claims.
As a general rule, excluding a few
statutory exceptions, an appeal may be taken only after a final judgment has
been signed. (3) "A judgment is final for
purposes of appeal if it disposes of all pending parties and claims in the
record." (4) The trial court is presumed to
have disposed of all parties and claims in the record when (1) the judge signs a
judgment in a case that is scheduled for a conventional trial on the merits, (2)
the judgment is not intrinsically interlocutory, and (3) the judge has not
ordered a separate trial of issues pursuant to rule 174 of the Texas Rules of
Civil Procedure. (5)
The justice court's September 20, 2001
judgment was signed after a conventional trial on the merits.
(6) The judgment states that "all questions of fact and law were
submitted to the [c]ourt." Furthermore, the judgment gave possession of the
subject property and awarded money damages to Appellee. There being nothing left
for the justice court to rule on or dispose of, the judgment was final as to all
issues and parties before it. (7) We overrule
Appellant's first issue.
B. Appeal of a Forcible Detainer
Suit
In her remaining issues Appellant argues
that because she did not receive notice of the signed judgment until after the
time to file the appeal bond expired, Appellant should not be prevented from
perfecting her appeal. Immediately upon learning of the signed judgment,
Appellant filed an appeal bond with the justice court. (8)
Accordingly, Appellant contends that rule 306a should apply in this case to
extend the time to file the appeal bond, and because the court did not allow for
an extension, Appellant's state and federal constitutional rights were violated.
A final judgment on a forcible detainer
case may be appealed by filing a bond with the justice court within five days
after the judgment is signed. (9) The appeal is
not perfected unless the bond is timely filed. (10)
Rule 306a provides that if a party does not receive notice of a judgment, then
the time to perfect an appeal is tolled until the party receives notice under
the rule. (11) Furthermore, the rule requires
the clerk of the court to provide the parties immediate notice of a signed
judgment by first-class mail. (12)
Appellant argues that by virtue of rule
523, rule 306a also applies to justice courts, which means Appellant should have
been entitled to an extension of time since she did not receive notice until
after the expiration of the five-day timetable. (13)
Rule 523 states, "All rules governing the district and county courts shall
also govern the justice courts, insofar as they can be applied, except where
otherwise specifically provided by law or these rules."
(14)
The circumstances under which a party may
seek to appeal a case from a justice court are limited to those provided for by
law. (15) Rule 749c, which governs appeals from
justice court judgments in forcible detainer actions, does not have a provision
similar to rule 306a(3) requiring the justice court clerk to provide notice of
the final judgment, nor does it provide for an extension of time if a party does
not receive notice of the final judgment. (16)
Rule 749c specifically provides that an appeal is not perfected unless the bond
is timely filed. (17) None of the rules
applicable to forcible detainer actions provide for the lack of notice of the
justice court's judgment. Because rules 738-755 specifically apply to appeals in
forcible detainer actions, rule 523 does not apply in this case.
(18)
Forcible detainer cases are intended to be
summary, speedy, and inexpensive. (19)
Furthermore, forcible detainer cases are special proceedings that are governed
by specific statutes and rules. (20) We hold
that Appellant was not entitled to notice of the final judgment; therefore, we
overrule Appellant's second and third issues. Because we hold Appellant was not
entitled to notice, we overrule her fourth through ninth issues, which argue
that her federal and state constitutional rights were violated for failure to
provide notice.
IV. Conclusion
Having overruled Appellant's issues, we
affirm the district court's judgment dismissing the case for want of
jurisdiction.
 
LEE ANN DAUPHINOT
JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
[DELIVERED: JANUARY 9, 2003]

1. See Tex. R. App. P. 47.4.
2. Tex. Prop. Code Ann. § 92.331 (Vernon Supp. 2003).
3. Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon
Supp. 2003); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001);.
4. Lehmann, 39 S.W.3d at 195.
5. N. E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 897-98 (Tex. 1966); see also Lehmann, 39 S.W.3d at 200; see
also Infonova Solutions, Inc. v. Griggs, 82 S.W.3d 613, 615-16 (Tex.
App.--San Antonio 2002, no pet. h.).
6. Aldridge, 400 S.W.2d at 897-98.
7. Lehmann, 39 S.W.3d at 195.
8. Tex. R. Civ. P. 749.
9. Id.; see RCJ Liquidating Co. v. Village,
Ltd., 670 S.W.2d 643, 644 (Tex. 1984).
10. Tex. R. Civ. P. 749c; see also RCJ Liquidating
Co., 670 S.W.2d at 644.
11. Tex. R. Civ. P. 306a(4).
12. Tex. R. Civ. P. 306a(3).
13. See Tex. R. Civ. P. 523.
14. Id.
15. Tex. Const. art. V § 16; see also Pace v. Webb,
15 S.W. 269, 270 (Tex. 1891).
16. See Tex. R. Civ. P. 749c.
17. Id.
18. Tex. R. Civ. P. 523, 738-755.
19. McGlothlin v. Kliebert, 672 S.W.2d 231, 232
(Tex. 1984).
20. Haginas v. Malbis Mem'l Found., 354 S.W.2d
368, 371 (Tex. 1962); Wetsel v. Fort Worth Brake, Clutch & Equip., Inc.,
780 S.W.2d 952, 954 (Tex. App.--Fort Worth 1989, no writ).