In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00004-CV


______________________________




STATE OF TEXAS, Appellant



V.



RUSSELL BEN JONES, Appellee




 


On Appeal from the County Court at Law


Lamar County, Texas


Trial Court No. 10457




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 The Texas Department of Public Safety (DPS), upon receiving notice that Russell Ben Jones
had been charged with driving while intoxicated (DWI), suspended Jones's concealed handgun
license. The issue of the suspension was presented to a Lamar County justice of the peace court and,
after a hearing, the justice court ruled in favor of the DPS, sustaining the suspension. Thirty-one
days after entry of the order by the justice court, Jones appealed to the County Court at Law of Lamar
County for further review. The county court at law entered an order which purported to reverse the
suspension ordered by the justice court and denied the suspension of the concealed handgun license;
the DPS has appealed from that ruling. 

 Pursuant to Chapter 411, subchapter H of the Texas Government Code, licenses to carry
concealed handguns can be issued to those who meet certain qualifications. However, even after a
person has been granted a license, that license can be suspended or revoked in the event that certain
circumstances arise. These suspensions or revocations are tightly regulated by statute (e.g., Tex.
Gov't Code Ann. §§ 411.180, 411.186 (Vernon 2005); § 411.187 (Vernon Supp. 2006)). 

 It is undisputed that Jones was charged with DWI, that when this charge came to the notice
of the DPS it suspended his license, and that Jones requested judicial review. The DPS filed a
petition and scheduled a hearing to review the suspension, giving proper notice to Jones. (1) A hearing
was held in the proper justice of the peace court within the prescribed time frame, the justice of the
peace court affirmed the suspension of Jones's concealed handgun license, and an appeal of that
order was not filed in the county court at law until thirty-one days after the entry of the order for
suspension. 

 The DPS filed with the county court at law a plea to the jurisdiction, citing Section
411.180(e) of the Texas Government Code, alleging that the justice court determination had become
final after thirty days. 

 The county court at law denied the DPS's plea to the jurisdiction, taking the position that
since this was an appeal from a justice court that the Texas Rules of Appellate Procedure apply; the
trial court then applied Rules 10.5 and 26.3 to permit a late filing of the appeal, ruled for Jones, and
denied the suspension of Jones's concealed handgun license. See Tex. R. App. P. 10.5, 26.3. 

 Although the parties raise issues which go to the merits of whether the proper procedure was
followed by the DPS in pursuit of the suspension of Jones's license, the cogent question is whether
the county court at law possessed the jurisdiction to entertain those inquiries. We determine that it
did not.

 Section 411.180(e) of the Texas Government Code provides that:

 A party adversely affected by the court's ruling following a hearing under this section
may appeal the ruling by filing within 30 days after the ruling a petition in a county
court at law in the county in which the applicant or license holder resides or, if there
is no county court at law in the county, in the county court of the county. A person
who appeals under this section must send by certified mail a copy of the person's
petition, certified by the clerk of the court in which the petition is filed, to the
appropriate division of the department at its Austin headquarters. The trial on appeal
shall be a trial de novo without a jury. A district or county attorney or the attorney
general may represent the department.


Tex. Gov't Code Ann. § 411.180(e) (emphasis added).

 The "may" (which indicates a choice) as used in the statute applies to the word "appeal," not
to the term "within 30 days." In other words, if the person whose license has been suspended elects
to do so, he has the option of appealing the justice court ruling. If he does so, he must evidence the
choice to appeal by filing his appeal within thirty days; upon the expiration of thirty days, the ruling
becomes final. It appears that the sole reason for the failure to file an appeal within thirty days was
due to a calendaring error by Jones's counsel; there is no allegation that this late filing occurred due
to any misrepresentation by a clerk of the court or other court official but, rather, to an oversight due
to the fact that the month of May has thirty-one days, not thirty. 

 Some other appeals from a justice court to a county court require the posting of a bond to
perfect the appeal, such as in cases of forcible detainer. Tex. R. Civ. P. 749. The failure to file such
an appeal bond in a timely manner is jurisdictional; absent such a timely filing, the county court is
without jurisdiction to hear the case. See RCJ Liquidating Co. v. Village, Ltd., 670 S.W.2d 643, 644
(Tex. 1984); Wetsel v. Fort Worth Brake, Clutch & Equip., Inc., 780 S.W.2d 952 (Tex. Civ.
App.--Fort Worth 1989, no writ). Likewise, Section 411.180(e)'s thirty-day requirement has been
considered jurisdictional in nature. See Sullivan v. Tex. Dep't of Pub. Safety, 93 S.W.3d 149, 153
(Tex. App.--Beaumont 2002, no pet.) (concluding that Section 411.180(e), when satisfied, gave to
the county court at law "exclusive and independent jurisdiction" and permitted the county court at
law to conduct a trial de novo on the issue of revocation); Tex. Dep't of Pub. Safety v. Kreipe, 29
S.W.3d 334, 336 (Tex. App.--Houston [14th Dist.] 2000, pet. denied) (concluding that filing a
petition in the county court at law within thirty days after the justice court's ruling "perfects the
appeal and vests jurisdiction with the county court at law"). Although the appeal of the suspension
of a concealed handgun license does not require the filing of a bond, it does require the appeal to be
filed within thirty days. In other words, on the expiration of the thirtieth day after the justice court
ruled, the case became final and the county court at law had no jurisdiction over the matter. 

 Jones attempts to rely, however, on his contention that the Texas Rules of Appellate
Procedure apply to cases which are appealed from a justice court to a county court or county court
at law. If the Texas Rules of Appellate Procedure apply, then the county court at law possessed the
authority to extend a time for late filing pursuant to Tex. R. App. P. 10.5 and 26.3. 

 Courts of appeals (which include the Texas Supreme Court, the Texas Court of Criminal
Appeals, and the various courts of appeals throughout the State) are those whose powers are granted
and defined in Chapter 22 of the Texas Government Code. Tex. Gov't Code Ann. §§ 22.001-.302
(Vernon 2004 & Supp. 2006). County courts at law are those which are the subject of Chapter 25,
Texas Government Code, and constitutional county courts are the subject of Chapter 26, Texas
Government Code; both of these are trial courts, not appellate courts. Tex. Gov't Code Ann.
§§ 25.0001-.2656, 26.001-.353 (Vernon 2004 & Supp. 2006).

 When an appeal is taken from a justice court to a county court at law or a county court (to
which reference is made generically hereafter as "county court"), the county court hears the matters
de novo; that is, when the case is heard in the county court, there is to be a new trial on the entire
case, on both questions of fact and issues of law, conducted as if there had been no trial in the first
instance. Lamar County Appraisal Dist. v. Campbell Soup Co., 93 S.W.3d 642 (Tex.
App.--Texarkana 2002, no pet.). There are no provisions in Texas law for trials de novo in the
courts of appeals. In contrast to a de novo hearing, it is well settled in Texas that an appellate court's
review is confined to the record in the trial court when the trial court acted. See, e.g., Perry v. Del
Rio, 66 S.W.3d 239 (Tex. 2001); Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 52 n.7
(Tex. 1998); Univ. of Tex. v. Morris, 162 Tex. 60, 344 S.W.2d 426, 429 (1961); Monsanto v. Davis,
25 S.W.3d 773, 781 (Tex. App.--Waco 2000, pet. dism'd w.o.j.).

 Whereas trial courts have the ability to shepherd the development of the evidence, the
appellate courts are restricted to the record as produced at the trial level. Sabine Offshore Serv., Inc.
v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979); Carlton v. Trinity Universal Ins. Co., 32
S.W.3d 454, 458 (Tex. App.--Houston [14th Dist.] 2000, pet. denied); Luckette v. State, 906 S.W.2d
663, 668 (Tex. App.--Amarillo 1995, pet. ref'd). A county court or county court at law, hearing
appeals from justice courts on a trial de novo basis, are not considered a court of appeals. 

 The Texas Rules of Appellate Procedure are simply not applicable to the appeal of a matter
from a justice court to a county court. See Tex. R. App. P. 1.1. Accordingly, the Texas Rules of
Appellate Procedure do not vest the judge of the county court at law with the authority to extend the
time for the filing of an appeal past the thirty days set out in Section 411.180(e) of the Texas
Government Code. 

 When the thirty days had elapsed from the date that the justice court had issued its ruling
which affirmed the suspension of Jones's concealed handgun license, that judgment became final;
the county court at law did not possess any jurisdiction over the matter and, hence, lacked the
authority to enter any orders of any nature concerning the case. The order the county court at law
entered denying the suspension of the license is a nullity.

 The other of Jones's complaints on appeal deal with matters concerning the actions of the
justice court and its authority to enter the order of suspension. Because Jones failed to properly
follow his remedies for review as provided by statute, neither the county court at law nor this Court
have the authority to deal with those complaints in this case. The trial court, having no jurisdiction
to render judgment, the judgment entered by it is void. This Court may only declare such judgment
void, set it aside, and dismiss the appeal. (2)



 Bailey C. Moseley

 Justice


Date Submitted: March 28, 2007

Date Decided: April 13, 2007
1. A concealed handgun license may be suspended if the holder of the license "is charged with
the commission of a Class A or Class B misdemeanor or an offense under Section 42.01, Penal
Code, or of a felony under an information or indictment." Tex. Gov't Code Ann. § 411.187(a)(1).
2. Ins. Co. of the State of Pa. v. Martinez, 18 S.W.3d 844, 847 (Tex. App.--El Paso 2000, no
pet.); Bahr v. Kohr, 928 S.W.2d 98, 100 (Tex. App.--San Antonio 1996, writ denied).




="false" Name="Medium Shading 1 Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00227-CR

                                                ______________________________

 

 

                               DONALD DEWAYNE HOOD,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 202nd
Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 08F0188-202

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

I.          Facts and Procedural Background 

 

            While
intoxicated, Donald Dewayne Hood drove his vehicle off the roadway, striking
and fatally injuring Paul Fisher.  Hood
later pled guilty to intoxication manslaughter. 
The trial court sentenced him to twenty years imprisonment.  The trial court also revoked his community
supervision based on a burglary of a habitation offense and sentenced him to
ten years for that offense, with the sentences to be served consecutively.[1]

            On appeal,
Hood argues that the trial court erred (1) by ordering the punishment to run
consecutively to that of a previous, unrelated offense; (2) by entering a
finding of a deadly weapon without proper notice to Hood; and (3) because there
was insufficient evidence that Hood used a deadly weapon.  We affirm the judgment of the trial court
because (1) fulfilling a condition of community supervision does not commence a
sentence; (2) Hood received proper notice of the States intention to seek a
deadly weapon finding; and (3) there is sufficient factual evidence that the
vehicle was used as a deadly weapon.

II.        Fulfilling a Condition of Community
Supervision Does Not Commence a Sentence

 

            Several
years prior to the events that led to Fishers death, Hood pled guilty to
burglary of a habitation[2]
and was placed on community supervision. 
As a condition of the community supervision, Hood completed a Substance
Abuse Felony Program (SAFP).  After
pleading guilty to intoxication manslaughter, the trial court revoked his
community supervision, sentenced him to ten years imprisonment for the
burglary of a habitation, and ordered the sentence be served consecutively with
the twenty-year sentence for intoxication manslaughter.  In his first point of error, Hood argues that
the trial court abused its discretion by ordering the sentences to be served
consecutively.

            Our law
accords trial courts with a great degree of discretion in deciding whether to
order sentences to run consecutively or concurrently.

[I]n the discretion of the court, the judgment in the
second and subsequent convictions may either be that the sentence imposed or
suspended shall begin when the judgment and the sentence imposed or suspended
in the preceding conviction has ceased to operate, or that the sentence imposed
or suspended shall run concurrently with the other case or cases . . . . 

 

Tex. Code Crim. Proc.
Ann. art. 42.08 (Vernon Supp. 2009). 
In light of the discretion granted to the trial court by Article
42.08(a), we review a complaint about consecutive sentences for an abuse of
that discretion.  Malone v. State, 163 S.W.3d 785, 803 (Tex. App.Texarkana 2005,
pet. refd) (citing Macri v. State,
12 S.W.3d 505, 511 (Tex. App.San Antonio 1999, pet. refd)).  A trial court abuses its discretion when it
acts without reference to guiding rules or principles of law, or when it
otherwise acts outside the wide zone of reasonable disagreement.  Casey
v. State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); Warren v. State, 236 S.W.3d 844, 846 (Tex. App.Texarkana 2007, no
pet.). 

            Article
42.08 of the Texas Code of Criminal Procedure gives the trial court great
discretion to cumulate a sentence with prior outstanding sentences if the later
sentence is imposed for the first time following the revocation of community
supervision.  See Pettigrew v. State, 48 S.W.3d 769, 771 (Tex. Crim. App. 2001)
(citing Ex parte March, 423 S.W.2d
916 (Tex. Crim. App. 1968)).  However, if
the applicant has already served a portion of his or her sentence before the
sentence is suspended or probated, then a cumulation order may not be entered
to stack the probated sentence on a subsequent sentence because such would
violate the constitutional protection against being twice punished for the same
offense.  Ex parte Townsend, 137 S.W.3d 79 (Tex. Crim. App. 2004) (citing Ex parte Barley, 842 S.W.2d 694, 695
(Tex. Crim. App. 1992)).

            Hood argues
that the Legislature intended Article 42.12, Section 23(b) of the Texas Code of
Criminal Procedure to mean that completing a substance abuse treatment program
constituted serving part of the sentence, similar to shock probation under
Article 42.12, Section 6 or boot camp under Article 42.12, Section 8.  

            Article
42.12, Section 23(b) states in part that:

 

no part of the time that the defendant is on
community supervision shall be considered as any part of the time that he shall
be sentenced to serve, except that on revocation, the judge shall credit to the
defendant time served by the defendant as a condition of community supervision
in a substance abuse treatment facility . . . but only if the defendant
successfully completes the treatment program in that facility.

 

Tex. Code Crim. Proc.
Ann. art 42.12, § 23(b) (Vernon Supp. 2009).  The statute unambiguously contemplates that
completion of a substance abuse treatment program (SAFP) will be a condition of
community supervision and that credit for the time spent completing the program
is the only credit the defendant is to receive should his or her community supervision
be revoked.  Id. 

            In the case
of Barley, the Texas Court of
Criminal Appeals explained that shock probation and boot camp are
alternative incarcerations that take place prior to being placed on community
supervision, and effectively commence the sentence.  842 S.W.2d at 69495.  Here, however, Hood merely completed a drug
program after he had been placed on community supervision and did nothing more
than comply with a condition of his community supervision.  He had not commenced serving the underlying
sentence.  Hood does not direct our
attention to any cases supporting his position that compliance with a condition
of community supervision is tantamount to commencing to serve a sentence and,
indeed, we are not aware of any such cases.  See Barnes v. State, Nos. 14-97-01390-CR & 14-98-00910-CR, 2000 Tex. App.
LEXIS 6280 (Tex. App.Houston [14th Dist.] Sept. 14, 2000, no pet.) (not
designated for publication); Washington
v. State, No. 06-98-00067-CR, 1998 Tex. App. LEXIS 6140 (Tex. App.Texarkana
Oct. 1, 1998, no pet.) (not designated for publication) (trusty camp
confinement as condition of community supervision did not commence period of
confinement).[3]   Therefore, the trial court did not err in
ordering the sentences to be served consecutively. 

III.       Notice of the States Intention to Seek a
Deadly Weapon Finding

 

            The
indictment alleges that while intoxicated, Hood caused the death of another,
namely, Paul Fisher . . . by driving [a] motor vehicle into the person . . . .
  Hood argues that the trial court erred
in finding that Hood used a deadly weapon because the State failed to give Hood
proper notice that it would seek such a finding.[4]  

            An accused
is entitled to some form of written notice at the time of prosecution that the
use of a deadly weapon will be a fact issue at his or her trial.   Ex parte Minott, 972 S.W.2d 760, 761
(Tex. Crim. App. 1998); Luken v. State,
780 S.W.2d 264, 266 (Tex. Crim. App. 1989); Ex
parte Beck, 769 S.W.2d 525, 52627 (Tex. Crim. App. 1989).  Such notice can be contained in the indictment,
or the indictment necessarily implies the use of a deadly weapon, which is
anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury.  Blount v. State, 257 S.W.3d 712, 714
(Tex. Crim. App. 2008); Brooks v. State,
847 S.W.2d 247, 248 (Tex. Crim. App. 1993); see
also Flenteroy v. State, 187 S.W.3d 406, 411 (Tex. Crim. App. 2005).  A pleading notifying the defendant that the State
will seek a finding as to the use of a deadly weapon is a proper notice.  Ex parte
Patterson, 740 S.W.2d 766, 776 (Tex. Crim. App. 1987). 

            Looking
first at the indictment, we find that Hood was given notice of the charge that
his operation of a motor vehicle while intoxicated caused the death of Fisher by
driving said motor vehicle into the person of the said injured party.  Our highest court has held that any
allegation which avers that a death was caused by a named instrument
necessarily includes an allegation that the named instrument was in the manner
of its use . . . capable of causing (since it did cause) death.  Ex parte
McKithan, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) (citing Beck, 769 S.W.2d at 526.  So in this case, the indictment itself gave
notice of the deadly weapon allegation. 

            As to the
more specific notice, neither statute nor caselaw specifically defines what
constitutes timely notice for intent to seek the finding of a deadly weapon.  The timing requirements depend upon the facts
of each case.  Hocutt v. State, 927 S.W.2d 201, 203 (Tex. App.Fort Worth 1996,
pet. refd).  Written notice given
several days in advance of a punishment hearing has been held to be sufficient,
while a notice faxed late on a Friday for a jury trial set to begin on Monday
was held to be insufficient.  Spelling v. State, 825 S.W.2d 533, 535
(Tex. App.Fort Worth 1992, no pet.); Hocutt,
927 S.W.2d at 203.  In a concurring
opinion, Judge Overstreet suggested that notice is adequate if it is given any
time prior to trial.  See Johnson v. State, 815 S.W.2d 707,
715 (Tex. Crim. App. 1991) (Overstreet, J., concurring); see also Nolasco v. State, 970 S.W.2d 194, 197 (Tex. App.Dallas
1998, no pet.) (written notice received hours before trial held sufficient when
defendant admitted knowing about weapon and filing motion to suppress it).  

            Here, eight
days before trial, the State filed a motion of its intent to seek affirmative
findings as to the use of a deadly weapon. 
Nothing in the record indicates that the State withdrew or altered its
intention to seek a deadly weapon finding.[5]  At trial, Hood entered an open plea of guilty
and stated that he understood that he was entering his plea without a
negotiated plea agreement.[6]  The trial court found that the vehicle Hood
was driving in, and the manner and the means that [he was] using that vehicle
was a deadly weapon and did in fact cause[] the death of an individual.    

            Under the
circumstances of this case, the indictment and the States motion provided
sufficient notice of the States intent. 
Hood failed to object or move for a continuance.  The motion plainly indicated the States
intention, and nothing in the record indicates that the State withdrew or
altered its intention to seek a deadly weapon finding.  Accordingly, we overrule Hoods second point
of error. 

IV.       There Is Sufficient Factual Evidence that
the Vehicle Was Used as a Deadly Weapon

 

            In his final
point of error, Hood argues that the trial court lacked legally sufficient
evidence to find that he used a deadly weapon.[7]  We disagree. 

            In
conducting a legal sufficiency review, we consider the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).  We must give deference to the responsibility
of the trier of fact to fairly resolve conflicts in testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307,
31819 (1979)).  We are not required to
determine whether we believe that the evidence at trial established guilt
beyond a reasonable doubt; rather, when faced with conflicting evidence, we
must presume that the trier of fact resolved any such conflict in favor of the
prosecution. 

            To hold
evidence legally sufficient to sustain a deadly weapon finding, the evidence
must demonstrate that (1) the object meets the statutory definition of a
dangerous weapon, Tex. Penal Code
Ann. § 1.07(a)(17)(B) (Vernon
Supp. 2009); (2) the deadly weapon was used or exhibited during the
transaction from which the felony conviction was obtained, Ex parte Jones, 957 S.W.2d 849, 851
(Tex. Crim. App. 1997); and (3) other people were put in actual danger,[8]
Cates v. State, 102 S.W.3d 735, 738
(Tex. Crim. App. 2003).  

            Hood only
challenges the third requirementthat other people were put in actual danger.
The authorities cited by Hood are Mann v.
State, 13 S.W.3d 89 (Tex. App.Austin 2000), affd, 58 S.W.2d 132 (Tex. Crim. App. 2001); Ochoa v. State, 119 S.W.3d 825 (Tex. App.San Antonio 2003, no
pet.); and Davis v. State, 964 S.W.2d 352 (Tex. App.Fort Worth
1998, no pet.).  Mann was a DWI case in which the defendant drove in a dangerous
manner, but was not involved in a collision.  Mann,
13 S.W.3d at 91.  Likewise, the offense
in Ochoa was a DWI case and so it was
necessary to prove other people were endangered by Ochoas action.  Ochoa,
119 S.W.3d at 828.  The Davis case also involved a DWI not
involving any actual injury or harm to others.  Davis, 964 S.W.2d at
354.  In each of those cases, the
defendant committed the offense of DWI and in so doing endangered others, even
though no one was actually harmed, so it was necessary to prove such actual
endangerment.  Those cases are
distinguishable from the facts where Hood was charged with intoxication
manslaughter:  the elements of proof are
that he drove a vehicle while intoxicated and by reason of such intoxication Hood
caused the death of another person.  The
basic facts of the offense, which he admitted by his guilty plea, prove beyond
question that the manner in which Hood operated the vehicle endangered othersFisher
was killed by Hoods actions.   When one
uses a vehicle and actually causes the death of another, no greater proof could
ever be provided that the vehicle was used as a deadly weapon.  Actually causing the death of another person
supplies all the proof necessary that the vehicle is capable of causing death
and that another person was actually endangered.  The Texas Court of Criminal Appeals has
recognized that anything, including a motor vehicle, which is actually used to
cause the death of a human being is a deadly weapon.  Tyra v.
State, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995); McKithan, 838 S.W.2d at 561. 
This is necessarily so because a thing which actually causes death is by
definition capable of causing death.  Tyra, 897 S.W.2d at 798.  

            If anything
else could possibly be necessary to prove, the stipulated facts here are
plentiful.  There is undisputed evidence
that Hoods actions while behind the wheel of his vehicle put others, besides
the victim who was killed, in actual danger. 
Officer William Buttram was traveling in his personal vehicle with his
wife and child when he saw Hood traveling at a high rate of speed and almost
hit [a] white chevy extended cab truck who was waiting to turn.  When Hood cut into Buttrams lane of travel,
Buttram had to slam on his brakes to avoid colliding with Hood.  A westbound truck had to swerve extremely
hard into the outside lane to prevent a head on collision with Hood.  

            There is
more than ample evidence to support the trial courts finding that a deadly
weapon was used during the commission of this offense.  Therefore, we overrule Hoods third point of
error and affirm the trial courts judgment.

 

 

 

 

                                                                                    Jack
Carter 

                                                                                    Justice

 

Date Submitted:          July
28, 2010 

Date Decided:             August
13, 2010         

 

Do Not Publish

 

 

 

 

 











[1]In
his motion for new trial, Hood contended that the trial court erred in
cumulating the sentences and that the punishment assessed was contrary to the
law and evidence.  

 





[2]Bowie
County District Court, cause number 03F0601-202.





[3]Although
these unpublished cases have no precedential value, we may take guidance from
them as an aid in developing reasoning that may be employed.  Carillo
v. State, 98 S.W.3d 789, 794 (Tex. App.Amarillo 2003, pet. refd). 





[4]Hood
did not argue unfair surprise, prejudice, or inadequate time to prepare at
trial and likewise does not raise such arguments on appeal.





[5]The
trial court rejected a previously negotiated plea agreement.  The record does not mention whether the
rejected plea agreement included or otherwise referenced the finding of a
deadly weapon.  In his brief, Hood cites
a letter that indicates that the State abandoned its intention to find the use
of a deadly weapon as a part of the plea agreement.  Hood attached a copy of the letter to his
brief.  However, the letter was not
presented to the trial court or otherwise included in the record at trial.  An appellate court may not consider factual
assertions that are outside the record, and a party cannot circumvent this
prohibition by submitting evidence for the first time on appeal.  See Whitehead
v. State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).  Therefore, we do not consider the letter for
any purpose.

 





[6]Hood
intended to plead guilty for quite some time prior to the hearing.

 





[7]In
his brief, Hood does not specifically state whether he is arguing legal
sufficiency or factual sufficiency. 
However, he does argue that the State offered no evidence regarding
the use of a deadly weapon.  Therefore,
we find that Hood is arguing legal sufficiencys no evidence point of error.





[8]Specific
intent to use a motor vehicle as a deadly weapon is not required.  McCain
v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); Walker v. State, 897 S.W.2d 812, 814 (Tex. Crim. App. 1995).