**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00037-CV**
_____

**DAVID SPENCER, Appellant**

**V.**

**TERRENCE GEARY AND GEARY CONSTRUCTION, Appellees**

_____

**On Appeal from the County Court at Law No. 6**
**Montgomery County, Texas**
**Trial Cause No. 22-32922**
_____

**MEMORANDUM OPINION**

Pro se Appellant David Spencer ("Spencer") lost his justice court case against Appellees Terrence Geary and Geary Construction ("Geary") and appealed de novo to the county court at law, which dismissed his appeal based on a lack of jurisdiction. For the reasons explained below, we reverse the county court at law's Order on Plaintiffs' Plea to the Jurisdiction and remand for further proceedings consistent with this opinion.

1

# BACKGROUND

Geary filed a small claims action against Spencer in Justice Court Precinct Number 3 of Montgomery County, Texas, alleging Spencer failed to pay the balance due for work completed under a construction contract. The Justice Court conducted a bench trial, and on August 26, 2022, it rendered a Judgment awarding Geary $6,500, with court costs of $129. The Judgment noted there was "21 DAYS TO APPEAL[.]" On September 19, 2022, Spencer filed a Notice of Appeal and "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" in Justice Court Precinct Number 3. That same day the Justice Court Clerk sent Geary a "Notice of FILING OF statement of inability to pay (APPEAL)[,]" stating that under "Rule 506.1(e) Texas Rule of Civil Procedure, you are hereby on Notice of Filing Statement of Inability to Pay."

The County Clerk of Montgomery County sent Spencer a Notice that the Justice Court's judgment had been appealed to the County Court at Law Number 6 of Montgomery County, Texas. Geary filed Plaintiffs' Plea to the Jurisdiction, arguing the County Court lacked subject matter jurisdiction because Spencer failed to timely appeal the Justice Court's judgment. Geary argued that under Texas Rule of Civil Procedure 506.1, the deadline to perfect an appeal expired no later than September 16, 2022. *See* Tex. R. Civ. P. 506.1. Geary also argued the County Court

2

should dismiss the proceeding for lack of jurisdiction because the deadline is mandatory, and the defect could not be cured.

Before conducting a bench trial, the County Court considered Geary's Plea to the Jurisdiction, during which Geary explained that on August 26, 2022, the Justice Court rendered a Judgment admonishing that there was "21 days to appeal[,]" which was September 16, 2022. Geary argued that Spencer tried to perfect the appeal on September 19, 2022, by filing a notice of his inability to pay, but the notice was untimely. Geary argued that the County Court at Law No. 6 did not have jurisdiction and must dismiss the case.

The County Court noted that September 16, 2022, was a Friday and not a holiday and that the record shows Spencer's statement of inability to pay court costs was filed September 19, 2022. Spencer argued that he did not receive notice of the Justice Court's August 26, 2022 Judgment until September 1, 2022, and the County Court explained that the rule "goes from the date he signed it, not the day you received it." Spencer complained that he did not have twenty-one days to appeal from the time he received notice, and he "felt that we had to file our thing within 21 days from the date we were officially notified of the judgment." Spencer admitted he did not look up the law but claimed the Justice Court told him he had 21 days to appeal from when he received the judgment. The County Court explained that it was following rule 506.1, which provides that a party may appeal within 21 days after

3

the judgment is signed, and the County Court stated that Spencer received the judgment within a reasonable amount of time.

Spencer informed the County Court that "we filed on the 16th - - to file but the court was given the day off or a large portion of that day was - - they went home early that day. We were there to file." When Spencer informed the County Court that he was "there at 4:00[,]" the County Court stated that "Judge Beasley's office closes at 4:00 on Friday." Spencer claimed that the office told him they normally close at 4:30, and he was there at 4:00 and they "had another conversation with them where they said they had to close early that day and they couldn't take our filing, that's the facts." Spencer asked "is it our fault that they closed early when we were right there? We went back to the court and they said, Yes, we know you were there but we closed early."

The County Court responded to Spencer's complaint about the Justice Court closing at 4:00 on Friday by asking Spencer why he did not file on September 2, or shortly after receiving the judgment rather than waiting "an additional 15 days before you took action on your appeal[.]" Spencer's response was "[b]ecause we have 21 days." The Justice Court continued to question why Spencer waited until the "last minute," but Spencer claimed he believed he had five more days from the day he received the judgment. Spencer also stated he was there at 4:00 and "if the court is closed early and we can not do it - - we did it immediately the next business day[,]"

4

but the County Court stated it verified that the Justice Court's normal business hours includes closing every Friday at 4:00.

Explaining that "ignorance of the law is not an excuse" and that the method for trying to perfect an appeal must be done in 21 days from the date the judgment is signed, the County Court granted Geary's Plea to the Jurisdiction and dismissed the case based on lack of jurisdiction. The County Court reasoned that Spencer had "plenty of time from the date you got it on September 1st to waiting until 4:00 p.m. on a Friday that you were telling me you were aware that they were closed[,]" and "there's been no indication from Judge Beasley's court that they closed any earlier than 4:00 p.m." Spencer appealed the County Court's Order on Plaintiffs' Plea to the Jurisdiction.

## ANALYSIS

In his sole issue, Spencer complains the County Court erred by granting Geary's Plea to the Jurisdiction when his appeal was timely filed under Rule 500.5 of the Texas Rules of Civil Procedure. *See id*. 500.5(a)(3)(B). Whether a court has subject matter jurisdiction is a question of law. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). We review a trial court's ruling on the plea to the jurisdiction de novo. *See Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (citation omitted).

5

Texas Rule of Civil Procedure 506.1 provides that a party may appeal a judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs with the justice court within 21 days after the judgment is signed. Tex. R. Civ. P. 506.1. Texas Rule of Civil Procedure 500.5 concerns the computation of time to timely file documents in Justice Courts, and provides:

> (a) *Computation of Time.* To compute a time period in these rules:
>
> > (1) exclude the day of the event that triggers the period;
> >
> > (2) count every day, including Saturdays, Sundays, and legal holidays; and
> >
> > (3) include the last day of the period, but
> >
> > > (A) if the last day is a Saturday, Sunday, or legal holiday, the time period is extended to the next day that is not a Saturday, Sunday, or legal holiday; and
> > >
> > > (B) if the last day for filing falls on a day during which the court is closed before 5:00 p.m., the time period is extended to the court's next business day.

*Id.* 500.5(a). The justice court "may, for good cause shown, extend any time period under these rules except those relating to new trial and appeal." *Id.* 500.5(c). The time for filing a notice of appeal is jurisdictional. *Garg v. Pham*, 485 S.W.3d 91, 99 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Ali v. Parks at Arlington, LLC*, No. 02-22-00485-CV, 2023 WL 3521855, at *3 (Tex. App.—Fort Worth May 18, 2023, no pet.) (mem. op.). "A county court of law does not have jurisdiction over

an appeal for which a timely appeal from a justice court's judgment was not perfected." *Wetsel v. Fort Worth Brake, Clutch & Equip., Inc.*, 780 S.W.2d 952, 954 (Tex. App.—Fort Worth 1989, no writ) (citation omitted).

The Justice Court signed the judgment on August 26, 2022, resulting in the Statement of Inability to Afford Payment of Court Costs being due on September 16, 2022, which the record shows was a day the Justice Court closed before 5:00 p.m. *See* Tex. R. Civ. P. 500.5(a)(3)(B). Spencer filed his Statement of Inability to Afford Payment of Court Costs or an Appeal Bond on September 19, 2022. Therefore, the appeal was not timely filed unless the extension from rule 500.5 applies. *See Robles v. Rivera*, No. 05-17-00733-CV, 2018 WL 3120858, at *2 (Tex. App.—Dallas June 26, 2018, pet. denied) (mem. op.). When the last day falls on a day the court is closed before 5:00 p.m., Rule 500.5 extends the time to the "court's next business day." Tex. R. Civ. P. 500.5(a)(3)(B). In this case, it was extended to September 19, 2022, the day Spencer filed his Statement of Inability to Afford Payment of Court Costs or an Appeal Bond. *See id.* We conclude rule 500.5 applies, Spencer timely filed his Statement of Inability to Afford Payment of Court Costs or an Appeal Bond, and the County Court erred by dismissing Spencer's appeal from the Justice Court when it has jurisdiction over the appeal. *See id.*

We sustain Spencer's sole issue, reverse the County Court at Law Number Six's Order on Plaintiffs' Plea to the Jurisdiction, and remand for the County Court to consider Spencer's appeal from the Justice Court Precinct Number 3.

REVERSED AND REMANDED.

W. SCOTT GOLEMON
Chief Justice

Submitted on March 26, 2024
Opinion Delivered May 23, 2024

Before Golemon, C.J., Horton and Wright, JJ.

8