STATE of Texas, Appellant,

v.

Russell Ben JONES, Appellee.

No. 06–06–00004–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 28, 2007.

Decided April 13, 2007.

David O. Wise, Austin, for appellant.

Judy Hodgkiss, James R. Rodgers, The Moore Law Firm, LLP, Paris, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

Opinion by Justice MOSELEY.

The Texas Department of Public Safety (DPS), upon receiving notice that Russell Ben Jones had been charged with driving while intoxicated (DWI), suspended Jones's concealed handgun license. The issue of the suspension was presented to a Lamar County justice of the peace court and, after a hearing, the justice court ruled in favor of the DPS, sustaining the suspension. Thirty-one days after entry of the order by the justice court, Jones appealed to the County Court at Law of Lamar County for further review. The county court at law entered an order which purported to reverse the suspension ordered by the justice court and denied the suspen-

sion of the concealed handgun license; the DPS has appealed from that ruling.

Pursuant to Chapter 411, subchapter H of the Texas Government Code, licenses to carry concealed handguns can be issued to those who meet certain qualifications. However, even after a person has been granted a license, that license can be suspended or revoked in the event that certain circumstances arise. These suspensions or revocations are tightly regulated by statute (e.g., Tex. Gov't Code Ann. §§ 411.180, 411.186 (Vernon 2005); § 411.187 (Vernon Supp.2006)).

It is undisputed that Jones was charged with DWI, that when this charge came to the notice of the DPS it suspended his license, and that Jones requested judicial review. The DPS filed a petition and scheduled a hearing to review the suspension, giving proper notice to Jones.[1] A hearing was held in the proper justice of the peace court within the prescribed time frame, the justice of the peace court affirmed the suspension of Jones's concealed handgun license, and an appeal of that order was not filed in the county court at law until thirty-one days after the entry of the order for suspension.

The DPS filed with the county court at law a plea to the jurisdiction, citing Section 411.180(e) of the Texas Government Code, alleging that the justice court determination had become final after thirty days.

The county court at law denied the DPS's plea to the jurisdiction, taking the position that since this was an appeal from a justice court that the Texas Rules of Appellate Procedure apply; the trial court then applied Rules 10.5 and 26.3 to permit a late filing of the appeal, ruled for Jones, and denied the suspension of Jones's con-

cealed handgun license. *See* Tex.R.App. P. 10.5, 26.3.

■ Although the parties raise issues which go to the merits of whether the proper procedure was followed by the DPS in pursuit of the suspension of Jones's license, the cogent question is whether the county court at law possessed the jurisdiction to entertain those inquiries. We determine that it did not.

Section 411.180(e) of the Texas Government Code provides that:

> A party adversely affected by the court's ruling following a hearing under this section *may appeal the ruling by filing within 30 days after the ruling a petition in a county court at law* in the county in which the applicant or license holder resides or, if there is no county court at law in the county, in the county court of the county. A person who appeals under this section must send by certified mail a copy of the person's petition, certified by the clerk of the court in which the petition is filed, to the appropriate division of the department at its Austin headquarters. The trial on appeal shall be a trial de novo without a jury. A district or county attorney or the attorney general may represent the department.

Tex. Gov't Code Ann. § 411.180(e) (emphasis added).

The "may" (which indicates a choice) as used in the statute applies to the word "appeal," not to the term "within 30 days." In other words, if the person whose license has been suspended elects to do so, he has the option of appealing the justice court ruling. If he does so, he must evidence

---

1. A concealed handgun license may be suspended if the holder of the license "is charged with the commission of a Class A or Class B misdemeanor or an offense under Section 42.01, Penal Code, or of a felony under an information or indictment." Tex. Gov't Code Ann. § 411.187(a)(1).

the choice to appeal by filing his appeal within thirty days; upon the expiration of thirty days, the ruling becomes final. It appears that the sole reason for the failure to file an appeal within thirty days was due to a calendaring error by Jones's counsel; there is no allegation that this late filing occurred due to any misrepresentation by a clerk of the court or other court official but, rather, to an oversight due to the fact that the month of May has thirty-one days, not thirty.

Some other appeals from a justice court to a county court require the posting of a bond to perfect the appeal, such as in cases of forcible detainer. Tex.R. Civ. P. 749. The failure to file such an appeal bond in a timely manner is jurisdictional; absent such a timely filing, the county court is without jurisdiction to hear the case. *See RCJ Liquidating Co. v. Village, Ltd.,* 670 S.W.2d 643, 644 (Tex.1984); *Wetsel v. Fort Worth Brake, Clutch & Equip., Inc.,* 780 S.W.2d 952 (Tex.App.-Fort Worth 1989, no writ). Likewise, Section 411.180(e)'s thirty-day requirement has been considered jurisdictional in nature. *See Sullivan v. Tex. Dep't of Pub. Safety,* 93 S.W.3d 149, 153 (Tex.App.-Beaumont 2002, no pet.) (concluding that Section 411.180(e), when satisfied, gave to the county court at law "exclusive and independent jurisdiction" and permitted the county court at law to conduct a trial de novo on the issue of revocation); *Tex. Dep't of Pub. Safety v. Kreipe,* 29 S.W.3d 334, 336 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (concluding that filing a petition in the county court at law within thirty days after the justice court's ruling "perfects the appeal and vests jurisdiction with the county court at law"). Although the appeal of the suspension of a concealed handgun license does not require the filing of a bond, it does require the appeal to be filed within thirty days. In other words, on the expiration of the thirtieth day after the justice court ruled, the case became final and the county court at law had no jurisdiction over the matter.

■ Jones attempts to rely, however, on his contention that the Texas Rules of Appellate Procedure apply to cases which are appealed from a justice court to a county court or county court at law. If the Texas Rules of Appellate Procedure apply, then the county court at law possessed the authority to extend a time for late filing pursuant to Tex.R.App. P. 10.5 and 26.3.

Courts of appeals (which include the Texas Supreme Court, the Texas Court of Criminal Appeals, and the various courts of appeals throughout the State) are those whose powers are granted and defined in Chapter 22 of the Texas Government Code. Tex. Gov't Code Ann. §§ 22.001–.302 (Vernon 2004 & Supp.2006). County courts at law are those which are the subject of Chapter 25, Texas Government Code, and constitutional county courts are the subject of Chapter 26, Texas Government Code; both of these are trial courts, not appellate courts. Tex. Gov't Code Ann. §§ 25.0001–.2656, 26.001–.353 (Vernon 2004 & Supp.2006).

■ When an appeal is taken from a justice court to a county court at law or a county court (to which reference is made generically hereafter as "county court"), the county court hears the matters de novo; that is, when the case is heard in the county court, there is to be a new trial on the entire case, on both questions of fact and issues of law, conducted as if there had been no trial in the first instance. *Lamar County Appraisal Dist. v. Campbell Soup Co.,* 93 S.W.3d 642 (Tex.App.-Texarkana 2002, no pet.). There are no provisions in Texas law for trials de novo in the courts of appeals. In contrast to a de novo hearing, it is well settled in Texas that an appellate court's review is confined

to the record in the trial court when the trial court acted. *See, e.g., Perry v. Del Rio,* 66 S.W.3d 239 (Tex.2001); *Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 52 n. 7 (Tex.1998); *Univ. of Tex. v. Morris,* 162 Tex. 60, 344 S.W.2d 426, 429 (1961); *Monsanto v. Davis,* 25 S.W.3d 773, 781 (Tex.App.-Waco 2000, pet. dism'd w.o.j.).

■ Whereas trial courts have the ability to shepherd the development of the evidence, the appellate courts are restricted to the record as produced at the trial level. *Sabine Offshore Serv., Inc. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex. 1979); *Carlton v. Trinity Universal Ins. Co.,* 32 S.W.3d 454, 458 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Luckette v. State,* 906 S.W.2d 663, 668 (Tex.App.-Amarillo 1995, pet. ref'd). A county court or county court at law, hearing appeals from justice courts on a trial de novo basis, are not considered a court of appeals.

The Texas Rules of Appellate Procedure are simply not applicable to the appeal of a matter from a justice court to a county court. *See* Tex.R.App. P. 1.1. Accordingly, the Texas Rules of Appellate Procedure do not vest the judge of the county court at law with the authority to extend the time for the filing of an appeal past the thirty days set out in Section 411.180(e) of the Texas Government Code.

When the thirty days had elapsed from the date that the justice court had issued its ruling which affirmed the suspension of Jones's concealed handgun license, that judgment became final; the county court at law did not possess any jurisdiction over the matter and, hence, lacked the authority to enter any orders of any nature concerning the case. The order the county

court at law entered denying the suspension of the license is a nullity.

The other of Jones's complaints on appeal deal with matters concerning the actions of the justice court and its authority to enter the order of suspension. Because Jones failed to properly follow his remedies for review as provided by statute, neither the county court at law nor this Court have the authority to deal with those complaints in this case. The trial court, having no jurisdiction to render judgment, the judgment entered by it is void. This Court may only declare such judgment void, set it aside, and dismiss the appeal.[2]

---

**2.** *Ins. Co. of the State of Pa. v. Martinez,* 18 S.W.3d 844, 847 (Tex.App.-El Paso 2000, no pet.); *Bahr v. Kohr,* 928 S.W.2d 98, 100 (Tex. App.-San Antonio 1996, writ denied).