

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00485-CV

———————————————

MOHAMMED "MIKE" ALI, D/B/A TIMELESS JEWELERS, FARAH ALI, AND
ALL OCCUPANTS OF SPACE NO. 1176, Appellants

V.

PARKS AT ARLINGTON, LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2022-006382-1

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellants Mohammed "Mike" Ali, d/b/a Timeless Jewelers, Farah Ali, and All Occupants of Space No. 1176 appeal the denial of mandamus relief by the county court at law[1] (hereinafter "county court") in this forcible detainer action by Appellee Parks at Arlington, LLC. We will affirm the county court's ruling.

## II. BACKGROUND

### A. Justice Court Proceedings

Appellee filed its forcible detainer action in the justice of the peace court (hereinafter "justice court") against Appellants, seeking possession of the commercial space that Appellants were occupying at a mall in Arlington, Texas. According to Appellants, after a trial on October 18, 2022, the justice court orally announced its ruling, stated that Appellants had until October 26 to appeal its decision, and set the bond amount. Judgment was entered the same day, making the appeal deadline actually October 24. *See* Tex. R. Civ. P. 510.9(a). The justice court's docket sheet indicates that the judgment was mailed to Appellants' attorney on October 18 and that Appellants' attorney contacted the justice court on October 24 and stated that

___

[1]This is an appeal from an original proceeding for a writ of mandamus initiated in the trial court which is different from an original proceeding for a writ of mandamus filed in an appellate court. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991). It is a civil action subject to trial and appeal on substantive law issues and the rules of civil procedure as any other civil suit. *Id.* Accordingly, "Appellee's Motion to Dismiss Based on Lack of Appellate Jurisdiction" is denied.

they would "HAVE A COURIER BRING APPEAL PAPERWORK AND APPEAL BOND CHECK."

While acknowledging receipt of the judgment by mail, Appellants contend that neither their attorney nor any other attorneys at his firm "saw the entry of judgment until October 25, 2022." Their notice of appeal was filed electronically on October 25, but the bond was not presented to the justice court's clerk until October 26. According to Appellants, both the notice of appeal and bond were rejected by the clerk because they were late.

## B. County Court Proceedings

On October 26, 2022, Appellants filed their "Emergency Petition for Writ of Mandamus and Emergency Motion to Stay Writ of Execution" in the county court.[2] The petition sought "mandamus from [the county court] compelling the justice court to accept [Appellants'] notice of appeal and bond as perfected." In addition, Appellants sought a stay of enforcement of any writs of execution or possession.

On November 9, 2022, the county court signed an order stating that Appellants "did not perfect their appeal within the time required by Rule 510.9(a) of the Texas Rules of Civil Procedure" and denying the emergency petition for writ of mandamus and the emergency motion to stay writ of execution. In addition, the order dismissed

---

[2]A statutory county court has mandamus power over justice courts. *See* Tex. Gov't Code Ann. § 25.0004(a); *Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 97 S.W.3d 731, 736–37 (Tex. App.—Dallas 2003, no pet.). This court has appellate jurisdiction over such proceedings. *See Anderson*, 806 S.W.2d at 792 n.1.

the emergency petition for writ of mandamus. There is no reporter's record of the county court's proceedings. Appellants filed a notice of appeal from the order denying mandamus relief.

## C. Appellate Court Proceedings

In their sole issue, Appellants contend that the county court's denial of their petition for writ of mandamus was improper because they did not receive notice that the justice court entered judgment against them until after the deadline to appeal had passed. Appellee responds that the justice court properly refused to accept an untimely notice of appeal and bond, and the county court correctly denied the petition for writ of mandamus that sought to compel the justice court to retroactively initiate an appeal that was not timely perfected. We agree with Appellee.

## III. DISCUSSION

We note at the outset that Section 24.007 of the Texas Property Code provides that the final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. *See* Tex. Prop. Code Ann. § 24.007. While this appeal involves commercial property, this statute does not preclude this appeal because the appeal does not concern the issue of possession but rather the jurisdiction of the county court to consider Appellants' appeal from the justice court. *See Sherrod v. Rogers*, No. 11-17-00019-CV, 2017 WL 1750081, at *1 (Tex. App.—Eastland May 4, 2017, no pet.) (mem. op.).

4

## A. Applicable Law

To resolve this appeal, we must determine whether Appellants showed that they were entitled to a writ of mandamus. Accordingly, they were required to show both that the county court clearly abused its discretion and that they had no adequate appellate remedy. *See In re Heaven Sent Floor Care*, No. 05-15-01152-CV, 2016 WL 7230387, at *2 (Tex. App.—Dallas Dec. 14, 2016, pet. denied) (mem. op.) (citing *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

In deciding if the county court clearly abused its discretion, we must examine the rules applicable to justice courts. A suit for eviction must be filed in justice court. Tex. Prop. Code Ann. § 24.004(a); *Martinez v. Kanga Park, Inc.*, No. 01-18-01070-CV, 2019 WL 4615814, at *1 (Tex. App.—Houston [1st Dist.] Sept. 24, 2019, no pet.) (mem. op.). Eviction cases are governed by Rules 500–507 and 510 of Part V of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 500.3(d). With the exception of limited circumstances that do not apply here, the other Texas Rules of Civil Procedure and Texas Rules of Evidence do not apply in justice court cases. Tex. R. Civ. P. 500.3(e).

The rules governing justice courts require that "[w]hen a case has been tried before the judge without a jury, the judge must announce the decision in open court, note the decision in the court's docket, and render judgment accordingly." Tex. R. Civ. P. 505.1(b). Unlike other justice court matters, the deadline to appeal an eviction

must be made within five days of when the judgment is signed. *Compare* Tex. R. Civ. P. 510.9(a), *with* Tex. R. Civ. P. 506.1(a); *see Mohammed v. D. 1050 W. Rankin, Inc.*, 464 S.W.3d 737, 742 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding that "the eviction rule's procedure trumps the more general justice court rule when the two conflict"). In addition, the time periods relating to new trial and appeal may not be extended. Tex. R. Civ. P. 500.5(c) ("The judge may, for good cause shown, extend any time period under these rules except those relating to new trial and appeal."), 510.2 ("Rule 500.5 applies to the computation of time in an eviction case."); *but see* Tex. R. Civ. P. 501.4(e) ("A party may offer evidence or testimony that a notice or document was not received, or, if service was by mail, that it was not received within 3 days from the date of mailing, and upon so finding, the court may extend the time for taking the action required of the party or grant other relief as it deems just.").

Appeal in an eviction case is made by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs with the justice court. Tex. R. Civ. P. 510.9(a), (f). If the appeal is timely perfected, the county court will try the eviction suit de novo. Tex. R. Civ. P. 510.10(c).

### B. Application of Law to Facts

According to Appellants, the "primary question presented is whether a commercial tenant's appeal from a justice court's eviction judgment must be filed within the five-day appeal period under the Texas Rules of Civil Procedure when the commercial tenant did not receive notice of the justice court's entry of judgment until

6

after the fifth day." While acknowledging the five-day deadline to appeal unique to forcible detainer actions, Appellants argue that they should receive "some level of proportionality with respect to a grant of additional time to appeal." Citing Texas Rule of Civil Procedure 306a(3), Appellants argue that this is especially true in this case where they were given notice by mail as opposed to email. *See* Tex. R. Civ. P. 306a(3) (requiring the clerk of the court to "immediately give notice to the parties or their attorneys" advising that the judgment or order was signed). Further, Appellants contend that they made a "bona fide attempt" to invoke appellate court jurisdiction. *See Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (quoting *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex. 1989)) ("A court of appeals has jurisdiction over any appeal where the appellant files an instrument that 'was filed in a bona fide attempt to invoke appellate jurisdiction.'"); *see also Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 846 (Tex. 2021) ("A bona fide effort to invoke the trial court's jurisdiction may be defective, but it is not void, and the proceedings cannot be dismissed without affording an opportunity to refile a proper instrument, if necessary."). And they argue that they are entitled to additional time to appeal, just as they would be pursuant to Texas Rule of Appellate Procedure 4.2(a). *See* Tex. R. App. P. 4.2(a)(1) ("If a party affected by a judgment or other appealable order has not—within 20 days after the judgment or order was signed—either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs

7

from the signing will begin for that party on the earlier of the date when the party received notice or acquires actual knowledge of the signing.").

But Appellants' arguments ignore the rules unique to justice courts and forcible detainer actions. *See Haginas v. Malbis Mem'l Found.*, 354 S.W.2d 368, 371 (Tex. 1962) ("An action of forcible entry and detainer is a special proceeding and as such is governed by the special statutes and rules applicable thereto."). "An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property." *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). As noted above, unlike in other courts, a justice court judge after a bench trial must "announce the decision in open court, note the decision in the court's docket, and render judgment accordingly." *See* Tex. R. Civ. P. 505.1(b). Further, the justice court "may, for good cause shown, extend any time period under these rules *except those relating to new trial and appeal.*" Tex. R. Civ. P. 500.5(c) (emphasis added); *see* Tex. R. Civ. P. 510.2 ("Rule 500.5 applies to the computation of time in an eviction case."). The time for filing a notice of appeal is jurisdictional. *Garg v. Pham*, 485 S.W.3d 92, 99 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "A county court of law does not have jurisdiction over an appeal for which a timely appeal from a justice court's judgment was not perfected." *Wetsel v. Fort Worth Brake, Clutch & Equip., Inc.*, 780 S.W.2d 952, 954 (Tex. App.—Fort Worth 1989, no writ).

Moreover, the facts here do not demonstrate the justice court's failure to comply with the rules. In their attorney's affidavit attached to the mandamus petition,

8

Appellants state that "the judge orally announced a decision in favor of [Appellee]" at the trial held on October 18. The justice court's "Register of Actions" reflects that on October 18, the "Eviction Hearing" was held, the eviction judgment was entered, the appeal bond was set at $1,500, and the judgment was mailed to Appellants' attorney. While Appellants' attorney acknowledged in his declaration that he "received a copy of the entry of judgment in the mail," he stated that no attorney "saw the entry of judgment until October 25, 2022." As noted by Appellee, "No evidence was offered to show when the copy of the signed judgment actually arrived." In addition, the justice court's "Register of Actions" shows that on October 24, "Defendant's Attorney Contacted Court AND WILL HAVE A COURIER BRING APPEAL PAPERWORK AND APPEAL BOND CHECK." Therefore, there was some evidence that Appellants had timely notice of entry of the judgment, thus enabling them to timely appeal the justice court's judgment.

While Appellants argue that non-justice court appellants are granted additional time to appeal if they do not receive notice in the first twenty days after a judgment is signed, *see* Tex. R. Civ. P. 306a(4) and Tex. R. App. P. 4.2(a)(1), this again ignores not only the express rules applicable to justice courts—and more particularly eviction cases—but also the fact that forcible detainer actions are intended to be speedy. *See Marshall*, 198 S.W.3d at 787. Further, the Texas Rules of Appellate Procedure are simply not applicable to the appeal of a matter from a justice court to a county court. *See* Tex. R. App. P. 1.1 (stating that "[t]hese rules govern procedure in appellate courts

and before appellate judges"); *see also State v. Jones*, 220 S.W.3d 604, 608 (Tex. App.—Texarkana 2007, no pet.) ("The Texas Rules of Appellate Procedure are simply not applicable to the appeal of a matter from a justice court to a county court."). And while the "bona fide attempt" doctrine has application to a party who "timely files" a document in an attempt to invoke the appellate court's jurisdiction, Appellants here made no such timely attempt to appeal. *See Grand Prairie Indep. Sch. Dist.*, 813 S.W.2d at 500 (holding that if an appellant "timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction," the appellate court, on motion, must allow the appellant an opportunity to amend or refile the instrument required to perfect the appeal).

Finally, without citing authority, Appellants argue that the justice court "mishandled" their case when it "suggested that Appellants could appeal the judgment, if they so desired, on or before October 26." While there is no record of the justice court proceedings,[3] even if we assume that the justice court erroneously stated the appellate deadline, the county court in ruling on the mandamus petition may have also considered that Appellants did not dispute the entry in the justice court's "Register of Actions" on October 24—the day the notice of appeal or bond was due—stating that Appellants had contacted the court and would have a courier

---

[3]"The Justice of the Peace Court is not a court of record, so there is no record in a justice court." *Golden v. Milstead Towing and Storage*, No. 09-21-00043-CV, 2022 WL 1412303, at *2 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.).

10

bring the appeal paperwork and appeal bond. Also, they make no argument as to why they, as cautious practitioners, did not have a duty to verify the deadline. *See Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267, 268 (Tex. 1996) (stating that the "cautious practitioner" should make "doubly sure" that a clerk received a document within ten days for purposes of the mailbox rule).

On these facts, we cannot say that the county court clearly abused its discretion in holding that Appellants did not timely perfect their justice court appeal within the time required by Texas Rule of Civil Procedure 510.9(a). Accordingly, the county court did not err in denying mandamus relief.

## IV. CONCLUSION

Having overruled Appellants' sole issue, we affirm the county court's order.

/s/ Dana Womack

Dana Womack
Justice

Delivered: May 18, 2023

11